

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 13  PM 2:48

LORETTA G. WHYTE
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** | : | **CASE NO.: 05-1665** |
| **d/b/a BEATRIZ BALL COLLECTION** | | |
| | : | **SECT.: C (3)** |
| **v.** | : | **JUDGE BERRIGAN** |
| **MARIPOSA, LTD.** | : | |
| | : | |

## DEFENDANT'S MOTION TO DISMISS

On Motion of Mariposa, Ltd., defendant in the above entitled and numbered cause,

through its undersigned counsel of record herein, and on suggesting to the court that plaintiff's

Complaint for Declaratory Judgment should be dismissed for the following reasons:

(1) it lacks subject matter jurisdiction to issue a declaratory judgment based on the absence

of an actual controversy between Plaintiff and Defendant, and (2) the merits of Plaintiff's

____ Fee_____
____ Process_____
X Dktd_____
____ CtRmDep_____
____ Doc. No_____

claim will be resolved in the prime suit already active in New York Federal Court for the

reasons expressed in the attached Memorandum in Support of this Motion to Dismiss.


Respectfully submitted,

LEEFE, GIBBS, SULLIVAN, DUPRE &
ALDOUS


_____

Richard Leefe, Bar no. 07544
George L. Gibbs, Bar No. 6138
3900 N. Causeway Blvd, Suite 1470
Metairie, LA  70002
Attorneys for Mariposa, Ltd.

Dated: July 13, 2005.


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the defendant

through its counsel of record by placing same in the United States Mail, postage prepaid and

properly addressed, this _13th_ day of July, 2005.


_____

George L. Gibbs


2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** | : | **CASE NO.: 05-1665** |
| **d/b/a BEATRIZ BALL COLLECTION** | | |
| | : | **SECT.: C (3)** |
| **v.** | : | **JUDGE BERRIGAN** |
| **MARIPOSA, LTD.** | : | |
| | : | |

## <u>ORDER</u>

It is ordered by the Court, that the above entitled and numbered cause be and the same is hereby dismissed, with prejudice, at plaintiff's cost.

New Orleans, Louisiana, this _____ day of July, 2005.

_____

JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| FABULOUS PEWTERWARE, L.L.C., d/b/a BEATRIZ BALL COLLECTION | : | CASE NO.: 05-1665 |
| | : | SECT.: C (3) |
| v. | : | JUDGE BERRIGAN |
| MARIPOSA, LTD. | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

The Court should dismiss Plaintiff's Complaint for Declaratory Judgment because: (1) it lacks subject matter jurisdiction to issue a declaratory judgment based on the absence of an actual controversy between Plaintiff and Defendant, and (2) the merits of Plaintiff's claim will be resolved in the prime suit already active in New York.

### FACTS

Plaintiff Fabulous Pewterware LLC ("Pewterware" or "Plaintiff"), Defendant Mariposa, Ltd. ("Mariposa" of "Defendant"), and Michael Aram Inc. ("Aram") are all companies making and selling metalware, serve ware and sculptures.

Mariposa and Aram each design their own original metal ware, and sell to the high-end market.  Pewterware sells to the low-end market and copies other designers such as Mariposa and Aram.

Early this year, at an industry trade show in New York City, Pewterware displayed for sale blatant copies of Aram and Mariposa designs.

On February 5, 2005, through counsel, Aram wrote to Pewterware demanding it cease selling the knock-off items or it would institute suit for copyright infringement in New York Federal Court.

As the parties engaged in settlement discussions over the telephone, Aram delayed filing its Complaint, while Pewterware secretly began drafting its own. In a bad faith, pre-emptive strike, Pewterware filed a declaratory judgment action against Aram before Judge Macnamara in the Eastern District of Louisiana, abruptly ending settlement discussions.

In Aram's subsequent motion to transfer venue to New York, Mariposa personnel submitted declarations testifying correctly that Pewterware copied Mariposa designs.

Mariposa never threatened Pewterware with suit. Mariposa simply suffered Pewterware's infringement for several months, hoping the damage would be sustainable without becoming embroiled in litigation.  Nevertheless, Pewterware brought this declaratory judgment action on May 4, 2005, without informing Mariposa or Aram. In its Complaint under the Declaratory Judgment Act, Pewterware makes no allegation that Mariposa _ever_ threatened it with suit.

From May to mid-June, 2004, Mariposa neither contemplated litigation nor took any action whatsoever regarding Pewterware.

On July 6, 2005, Judge Macnamara granted Aram's Motion to Transfer Venue to the Southern District of New York. (*See* Exhibit "A", Order Granting Transfer). This transfer was based, in large part, on a Mariposa and Aram action against Pewterware in New York. Thus, Aram and Mariposa's copyright infringement claims against Pewterware and Pewterware's declaratory judgment action against Aram are all presently before the Court in New York.

## ARGUMENT

### THE COURT SHOULD DISMISS PLAINTIFF'S DECLARATORY JUDGMENT ACTION

Plaintiff's complaint is legally insufficient because: (1) it does not plead the concrete threat of litigation required to state a declaratory judgment claim, and (2) its claim will be resolved in the prime action for copyright infringement in New York.

### I.    Pewterware Does Not Plead A Threat Of Litigation

A district court lacks subject matter jurisdiction to issue a declaratory judgment unless an "actual controversy" existed between Pewterware and Mariposa when Pewterware filed its Complaint.  *See* 28 U.S.C. § 2201(a) (this standard is identical to the "case or controversy" requirement of Article III of the United States Constitution).  In order to establish this "actual controversy" in a copyright matter, Pewterware must show: (1) it has a "real and reasonable apprehension of litigation," and (2) it "has engaged in a course of conduct that brings it into adversarial conflict" with Mariposa.  *State of Texas v. West Publishing Co.*, 882 F.2d 171, 175 (5th Cir. 1989).  Pewterware has failed to satisfy the first prong and therefore the second prong is not reached.

The Fifth Circuit has held that, "[t]raditional indicia of an objectively reasonable fear of litigation are direct threats by the defendant or a history of litigation between the parties." *State of Texas*, 882 F.2d at 176; s*ee Intralox, LLC v. Habasit Belting, Inc.*, 2004 WL 1497713 at *3 (E.D.La. 2004) ("Under Fifth Circuit precedent, '[t]he threat of litigation, if *specific and concrete* can establish a controversy upon which declaratory judgment can be based.'") (*quoting Orix Credit Ailiance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000)) (emphasis added).

Pewterware had absolutely no basis for an apprehension of litigation.  Mariposa never threatened Pewterware.  In fact, Mariposa never had any contact or conduct with or toward Pewterware.  Moreover, Mariposa never even had an inclination to file suit at the time Pewterware filed this declaratory action.

Pewterware's contention that its apprehension of litigation arose from the "submission of several declarations by the Mariposa principals" (*See* Pewterware's Complaint for Declaratory Judgment, at ¶15) is legally deficient.  These contained <u>no threats</u> of litigation.  Livia Cowan, the president of Mariposa, declared that Pewterware has copied Mariposa works.  Similarly, Robert White, general manager of Mariposa, declared that, based on a side-by-side comparison, it is evident that Pewterware copied Mariposa items.  These statements do not constitute threats of litigation.

For example, in *Intralox, LLC v. Habasit Belting Inc.*, this court specifically dismissed a declaratory judgment action based on the plaintiff's failure to establish a threat of litigation.  In that antitrust case, the defendant sent the plaintiff a cease and desist letter in which it accused the plaintiff of "anticompetitive conduct and monopolization." 2004 WL 1497713 at *4.  In fact, the letter specifically stated that the plaintiff's failure to cease its conduct would force defendant "to consider its legal rights and options to seek redress."  *Id.*  This court held that the cease and

4

desist letter, which explicitly accused the plaintiff of wrongful conduct and implicitly threatened litigation, was insufficient to "establish an actual controversy that [was] ripe of adjudication." *Id.*

Unlike the defendant in *Intralox*, Mariposa's actions were not litigious at all. Mariposa has never sent Pewterware a cease and desist letter nor has Mariposa directly confronted Pewterware regarding its unlawful copying.

Pewterware also bases its declaratory action on a single unsubstantiated oral statement allegedly made by someone unaffiliated with Mariposa. (*See* Pewterware's Complaint for Declaratory Judgment, at ¶14). Cody Hutcheson of Codaris, Pewterware's sales representative, "averred that... Mariposa was allegedly suing Plaintiff for [copying]." This lone, undisputedly false statement in no way suffices as a threat. Not only does Pewterware fail to provide a declaration from Mr. Hutcheson himself, Mr. Hutcheson is in no way affiliated with Mariposa and his statements cannot be imputed to Mariposa.

Finally, Defendant has been unable to find any federal case sustaining a declaratory action against a motion to dismiss without direct <u>written</u> threats.

Thus, no actual controversy, and therefore no subject matter jurisdiction, exists to uphold Pewterware's Complaint.


## II.   <u>The Prime Case Is In New York</u>

Mariposa and Aram's prime New York action, and its attendant judicial economy, takes precedence over any declaratory action.

Firstly, the crucial action is the one in New York. Copyright infringement is what this case is about. A ripe controversy did not arise between Mariposa and Pewterware until late June 2004, at which point Mariposa and Aram initiated an action in the Southern District of New

York for Copyright Infringement.  Pewterware secretly filed this declaratory action in Louisiana against Mariposa in May 2004, before it had any basis to do so, and then sat on it, failing to serve Mariposa until the prime action was filed in New York. Obviously, Pewterware filed this declaratory action as a tactical maneuver to gain the Louisiana forum in case Mariposa should decide to bring the crucial copyright infringement action in New York.

Numerous federal courts have held that "a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *909 Corp. v. Village of Bowlingbrook Police Pension Fund*, 741 F.Supp.1290, 1292 (S.D.Tex. 1990); *see also West Gulf Maritime Association v. Ila Deep Sea Local 24, et al.*, 751 F.2d 721, 729 (5th Cir. 1985) ("'[a] court may…in its discretion dismiss a declaratory judgment…suit if the same issue is pending in litigation elsewhere.'") (*quoting*, *Abbott Laboratories v. Gardner*, 387 U.S. 136, 155 (1967).

Pewterware filed its action on May 4, 2005, but delayed serving Mariposa until two months later.  Pewterware's underhanded manipulation of the judicial system is completely contrary to the "wholesome purposes" of declaratory judgment actions, which "would be aborted by [their] use as an instrument of procedural fencing, either to secure delay or to secure a forum." *909 Corp.*, 741 F.Supp. at 1293 (*quoting*, New *Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986)).

It is irrelevant that Pewterware technically filed its declaratory action before Mariposa filed its prime action.  The Eastern District Court of Louisiana has explicitly validated the assertion that:

> the Fifth Circuit has found that infringement actions should take
> precedence over declaratory relief actions, *even if filed later*, based
> upon the reasoning that the party whose rights are being infringed

should have the privilege of electing where to enforce its rights. (Emphasis added).

*Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 WL 406264, at *1 (E.D. La. 2001) (dismissing a pre-emptive declaratory judgment action for trademark infringement as mere "procedural devise", and transferring the case to California, the venue of the later-filed infringement action).

Finally, as Judge Macnamara recognized in transferring Pewterware's first declaratory action against Aram to New York, the Court can decline to hear a declaratory judgment action when judicial efficiency dictates another court resolve the issues.  That is exactly what should happen here.  If this Court grants this Motion, and dismisses this superfluous declaratory judgment action, then all issues will be decided by one judge in one court in a case that has already started.

Therefore, since the Mariposa New York action clearly takes precedence, Pewterware's pre-emptive declaratory action should be dismissed.

### CONCLUSION

Therefore, the Court should dismiss Pewterware's Complaint for Declaratory Judgment.

Respectfully submitted,

LEEFE, GIBBS, SULLIVAN, DUPRE & ALDOUS

Richard Leefe, Bar no. 07544
George L. Gibbs, Bar no. 6138
3900 N. Causeway Blvd, Suite 1470
Metairie, LA 70002
Attorneys for Mariposa, Ltd.

Dated: July 13, 2005.



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL -6 PM 4: 30

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

FABULOUS PEWTERWARE, L.L.C.,   *       CIVIL ACTION
D/B/A BEATRIZ BALL
COLLECTION

VERSUS                        *       NO: 05-0412

MICHAEL ARAM, INC.            *       SECTION: "D"(2)

### O R D E R

Before the court is the **"Amended Motion to Transfer Venue or,**
**Alternatively, for a More Definite Statement"** filed by Defendant,
Michael Aram, Inc. (Aram). Plaintiff, Fabulous Pewterware, L.L.C.
d/b/a Beatriz Ball Collection (Fabulous Pewterware), opposes the
motion. The motion, set for hearing on Wednesday, June 22, 2005,
is before the court on briefs, without oral argument. Having
considered the memoranda of counsel, the record, and the applicable
law, the court finds that the motion to transfer should be granted.

### I.  Background

On February 15, 2005, Plaintiff Fabulous Pewterware filed its
Complaint for Declaratory Judgment, denying that it infringed
Defendant Aram's copyrights of metalware plates, platters and/or
serving pieces made and sold by Defendant Aram. On April 11, 2005,

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____

Defendant Aram filed its "Motion to Transfer under 28 U.S.C. §1404(a) or Alternatively, for a More Definite Statement" (Doc No. 10), and on May 17, 2005, Defendant *amended* that motion (Doc. No. 24). In its Amended Motion, Defendant essentially argues that the Declaratory Judgment Action filed in this court should be transferred to New York because crucial third party witnesses associated with Mariposa (yet another designer of aluminum tableware and household accessories) cannot and will not testify in Louisiana and the underlying copyright infringement action accrued in New York.[1]

---

[1]     In support of its Amended Motion to Transfer (filed on May 17, 2005), Aram attached, *inter alia*, the *amended* Declaration of Candace Reynolds (a manufacturer's sales representative for Mariposa), the Declaration of Livia Cowan (President of Mariposa), and the Declaration of Robert White (the General Sales Manager for Mariposa). (*See* Declarations attached to Aram's Memorandum in Support of Amended Motion to Transfer as Exhibits C, D & E). All three of these Declarants declared that they would "not testify in Louisiana on this matter or any other matter." *Id*.

At the outset, the court notes that Mariposa is not a party in *this* Declaratory Judgment Action. The court further notes that when Aram filed its initial Motion to Transfer (on April 11, 2005), it attached the *original* Declarations of Reynolds, Cowan and White, who declared that it would either be a "hardship" to travel to Louisiana to testify, a "great inconvenience" to do so, or "prohibitive" to travel to Louisiana to testify. (*See* Declarations attached to Aram's Memorandum in Support of original Motion to Transfer as Exhibits C, D & E).

On May 4, 2005, Plaintiff filed *another* "Complaint for Declaratory Judgment" in the United States District Court for the Eastern District of Louisiana, Docket No. 05-1665 C), against Mariposa, Ltd., in response, *inter alia*, the Declarations of Cowan (President of Mariposa) and White (General Manager of Mariposa) that were attached to Aram's memorandum in support of its original Motion to Transfer in this matter. (*See* Complaint in No. 05-1665, ¶¶ 15-17 & Exhibits 4 & 5). Plaintiff admits that:

> The Complaint against Mariposa Ltd. was filed on May 4, 2005, following Plaintiff's receipt pf Mariposa Declarations alleging that Plaintiff had copied

Plaintiff filed a memorandum in opposition to Defendant's amended motion, and argued against a transfer to New York based in part on the Affidavits of David Rive, Beatriz Ball, David Moolekamp, Shelley Maruri, Kelly Wenzel, Karen Villavaso, Cameron Gamble, Barbara Fitzpatrick, Michael Carbo, Ruiz Falcon, Isabel Garcia Menocal, and Luis Lopez Gutierrez.   Defendant replied to that opposition bolstering its argument that Plaintiff's Declaratory Judgment Action filed here should be transferred to New York because "[o]n June 17, 2005, Marisposa and Aram filed an original proceeding in the Southern District of New York against Fabulous Pewterware and Beatriz Ball Collection Mexico ... for copyright infringement of their metalware designs."   (*See* Defendant's Supplemental Reply, p. 3 & Exhibit 1, New York Federal Complaint, No. 05-5672).

Regarding the filing of the New York federal complaint, Aram asserts:

> The Mariposa filing [i.e., the New York

---

Mariposa's products.  Being concerned that Mariposa would immediately file a lawsuit in Massachusetts, Plaintiff chose to request the United States Court for the Eastern District of Louisiana to address the Marisposa issue as well.  The Declaratory Judgment Complaint against Mariposa Ltd. is now before the Honorable Judge Berrigan, Case No. 051665.  The issues in the Marimosa [*sic*] lawsuit relate to entirely different products and are not interrelated to this lawsuit.

(Plaintiff's Opp. to Defendant's Motion for Leave to File Supp. Reply, p. 4).

3

> federal Complaint] underscores the primacy of
> the New York infringement action.  Aram was
> preparing its copyright infringement action
> against Fabulous Pewterware and Beatriz Ball
> when settlement negotiations began.  In the
> midst of these extensive negotiations, Ball
> filed a pre-emptive declaratory strike in
> Louisiana.
>
> . . .
>
> Had Ball not taken advantage of Aram's
> willingness to settle, Aram would have filed
> its infringement action in New York.
>
> Moreover, while preparing the Motion to
> Transfer Venue, Ball's infringement of
> Mariposa's metalware designs came to light,
> and Mariposa's Complaint for copyright
> infringement was then filed.  Thus, there are
> now two copyright infringement cases to weigh
> against Ball's pre-emptive declaratory action.

(*See* Defendant's Supplemental Reply to Plaintiff's Amended Opposition, p. 4).

Considering all the circumstances presented here, including the recent filing of the copyright infringement action by Aram and Mariposa against Fabulous Pewterware in New York federal court, the court finds that the scales are weighed in favor of transferring Fabulous Pewterware's Declaratory Judgment Action to the United States District Court for the Southern District of New York.

## II.  Legal Analysis

In declaratory judgment actions such as this one, the court has the discretion to decline jurisdiction. *Wilton v. Seven Falls*

4

*Co.*, 515 U.S. 277, 115 S.Ct. 2137, 2141, 132 L.Ed.2d 214 (1995);

*Travelers Ins. Co. v . Louisiana Farm Bureau Fed'n*, 996 F.2d 774,

778 (5th Cir. 1993).[2]

> Citing the *Wilton Court,* the Fifth Circuit explains:

>> The Declaratory Judgment Act, 28 U.S.C. §2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant. ... "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." ... **"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."**

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir.

2003)(citations omitted & emphasis added).

The Fifth Circuit has also identified the following

nonexclusive factors for a district court to consider in deciding

whether to decide or dismiss a declaratory judgment action:

> (1)  whether there is a pending ... action in which all
>
>       the matters in controversy may be fully litigated;
>
> (2)  whether the plaintiff filed suit in anticipation of

---

[2]      While both *Wilton* and *Travelers* involved federal declaratory actions with pending parallel state actions, courts have not found the district court's discretion to be lessened when the pending action is a federal one.  *See Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 662-63 (5th Cir. 1967); *Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. 1996)(Vance, J.).

a lawsuit filed by the defendant;

(3)   whether the plaintiff engaged in forum shopping in bringing the suit;

(4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)   whether this court is a convenient forum for the parties and witnesses; and

(6)   whether retaining the suit here would serve the purpose of judicial economy.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994) cited in *Sherwin-Williams*, 343 F.3d at 388; *see also Travelers*, 996 F.2d at 778.[3]

In considering the *Trejo* factors here, the court finds:

**Factor 1**: there is a pending action for copyright infringement filed by Mariposa and Aram (against Fabulous Pewterware) in a United States District Court of New York, which would encompass the

---

[3]      In *Sherwin-Williams*, the Fifth Circuit reasoned that application of the *Trejo* factors, analyzed in light of the "overarching *Brillhart* principles" set forth in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942), essentially address three concerns: (1) the proper allocation of decision-making between courts (*Trejo* Factor 1); (2) fairness concerns of forum selection (*Trejo* Factors 2-4); and (3) efficiency (*Trejo* Factors 5-6).  *Sherwin-Williams*, 343 F.3d at 390-92, 401.

issues to be litigated in this declaratory judgment filed here.[4] (*See* United States District Court, Southern District of New York Complaint No. 05-5672, attached as Exhibit 1 to Aram's Supplemental Reply).

**Factors 2-3 "in anticipation of litigation" & "forum shopping":** The court addresses "forum-shopping" first. As to whether or not the Plaintiff engaged in "impermissible" **forum-shopping**, the court is not convinced that Plaintiff was intentionally forum shopping anymore than any other litigant who files a lawsuit.

However, whether or not Plaintiff "abusively" filed this Declaratory Judgment Action **"in anticipation of litigation"** is a closer call. Aram's and Mariposa's copyright infringement case against Fabulous Pewterware was filed some four months after Fabulous Pewterware filed its Declaratory Judgment action here. And the Fifth Circuit generally follows the "first filed" rule. *West Gulf Marine Ass. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

To avoid operation of the first-filed rule, "compelling circumstances" must exist. *Mann Manufacturing, Inc. v. Hortex,*

---

[4]    The New York litigation would also encompass the issues to be litigated in Fabulous Pewterware's second Declaratory Judgment Action filed in the Eastern District of Louisiana against Mariposa (No. 05-1665).

*Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). Historically, in the context of declaratory judgment actions, district courts in the Fifth Circuit have found that "[c]ompelling circumstances exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum." *Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D.La. 1996)(Vance, J.)*; Johnson Bros. Corp. v. International Bhd. of Painters*, 861 F.Supp. 28 (M.D.La.1994)*; 909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290 (S.D.Tex. 1990).

However, subsequent to these cases, the Fifth Circuit more recently instructed:

> The filing of every lawsuit requires forum selection. Federal declaratory judgment suits are routinely filed in anticipation of other litigation. The courts use pejorative terms such as "forum shopping" or "procedural fencing" to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper or abusive, other than selecting a forum or anticipating litigation. Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of [other] litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."

*Sherwin-Williams*, 343 F.3d at 391; *but contrast, Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967)(that Plaintiff's declaratory judgment action apparently was in anticipation of Defendant's New York suit was an equitable consideration the

8

district court was entitled to take into account in deciding whether to hear the declaratory judgment action).

Here, the court finds that not only did Fabulous Pewterware file its Declaratory Judgment Action "in anticipation of" other litigation, Plaintiff also filed its Declaratory Judgment Action in the midst of ongoing settlement discussions with Aram.  Aram submits that:  On or about February 4, 2005, "Aram wrote Pewterware urging them to stop selling their inexpensive knock-offs of Aram's copyrighted Molten and Botanical collections, or it would bring a copyright infringement action.  Upon receiving the letter, Beatriz Ball of Pewterware immediately contacted Aram and began settlement negotiations." (Aram's Reply at 9; *see also* February 4, 2005 letter attached as Exhibit 5 to Plaintiff's First Amended Complaint for Declaratory Judgment, Doc. No. 14).

Aram further contends that "[h]ad Ball not taken advantage of Aram's willingness to settle, Aram would have filed its infringement action in New York." (Aram's Supp. Reply at 4).  On February 15, 2005, Fabulous Pewterware filed the instant Declaratory Judgment action and now argues that it "attempted to negotiate with Aram, but was unable to do so due to an offensive inflexible position taken by Aram."  (Plaintiff's Opposition to

9

Defendant's Amended Motion to Transfer, p. 2).[5]

The court recognizes that "[a] proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires." *Id.*[6]   However, *if* Aram was attempting to make a good faith effort to settle before actually filing suit in a court of competent jurisdiction, applying first-filed rule could unfairly penalize Aram.  Under such circumstances, the court could conclude that Fabulous Pewterware's filing of its Declaratory Judgment action, in the midst of such settlement negotiations, was improper anticipatory litigation.   *909 Corp. v. Village of Bolingbrook*

---

[5]     Plaintiff further submits that:

> Ball had repeatedly requested Aram and Aram's New York counsel, Mr. Feldman to supply proof of her allegedly infringing activities and Aram's copyrights for bowls and platters.  When Defendant failed to supply proof of its alleged exclusive right to the designs of the bowls and platters Plaintiff finally decided to file the instant lawsuit.

(Plaintiff's Opp. to Defendant's Motion for Leave to File Supp. Reply. p. 4).

> And, "Beatriz Ball was treated with hostility and abuse when she attempted to make a good faith effort to negotiate with Defendant's counsel.

(Plaintiff's Supp. Memo. in Opp. to Defendant's Motion for Leave to File Supp. Reply, pp. 1-2).

[6]     Examples of impermissible "procedural fencing" or "forum manipulation" include: when the declaratory judgment plaintiff brings the declaratory judgment action before the declaratory defendant is legally able to bring a state action; or when a declaratory judgment plaintiff sues only diverse defendants, and the underlying state court action is not removable because nondiverse defendants are properly sued.  *Sherwin-Williams*, 343 F.3d at 397, n. 7.

*Police Pension Fund*, 741 F.Supp. 1290, 1293 (S.D.Tex.1990); *see also Sports Innovations, Inc. v. Specialized Bicycle Components, Inc*, 2001 WL 406264 (E.D.La. 2001)(Porteous, J.)(court declined to rule on first-filed declaratory judgment action upon finding that declaratory judgment plaintiff anticipated litigation when the discussions regarding an amicable settlement were unproductive and filed suit before infringement action was filed in another court); *Star Ins. Co. v. New Orleans Jazz & Heritage Foundation, Inc.*, 1994 WL 148777 (E.D.La. 1994)(Heebe, J.)(court dismissed first-filed declaratory judgment action which was filed during the course of settlement discussions, finding the declaratory judgment action "upsidedown");   *Federal Signal Corp. v. Public Safety Equipment, Inc.*, 1991 WL 128634 (N.D.Ill. 1991)(fact that alleged infringer filed a declaratory judgment action in the midst of settlement negotiations was key factor in dismissing declaratory judgment action that was filed before suit on merits was filed in another court).

However, based on the record as it presently exists, the court cannot conclude which party--Aram or Fabulous Pewterware-was in good faith or bad faith in trying to resolve the disputes between them before Fabulous Pewterware filed this Declaratory Judgment

11

Action.[7]   In any event, it is undisputed that some type of settlement negotiations were taking place before the Declaratory Judgment Action was filed and under those circumstances, the court will not rigidly or inflexibly apply the first-filed rule, but rather will decide whether to hear or transfer this matter after considering all of the *Trejo* factors.[8]

**Factor 4:**   *If* Fabulous Pewterware filed its Declaratory Judgment action in the midst of good-faith settlement negotiations, the court would find inequity in allowing Fabulous Pewterware to gain precedence in time and forum by its conduct.   *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1983)(district court properly considered the pendency of the parallel litigation filed in California state court after the declaratory judgment action was filed in Texas federal court, and the inequity of permitting the declaratory judgment plaintiff to gain precedence in time and forum by its conduct in filing declaratory judgment action while the parties were trying to

---

[7]     Neither party has submitted Affidavits, Declarations, or other competent evidence in support of their respective "arguments" as to what transpired in their settlement discussions.

[8]     Although a rigid application of the "first to file" rule would have the virtue of certainty and ease of application, the court must consider all the *Trejo* factors in exercising its discretion to hear or transfer this matter.

12

resolve the dispute between them).[9]

However, again, based on the record and the parties' different versions of what actually transpired during the settlement negotiations that did take place, the court cannot give this factor any weight.  On the other hand, the court does find that if this matter is transferred to New York, there would be no inequity in a change of forum, because both this Declaratory Judgment action and the New York action are in their infancies.

**Factor 5:** Fabulous Pewterware filed suit here, and thus obviously asserts that this court is more convenient.  On the other hand, Aram filed suit in New York and obviously asserts that New York is more convenient.  The court is not particularly persuaded by either the Affidavits submitted by Fabulous Pewterware or the Declarations submitted by Aram in support of the parties' respective arguments as to which forum is more convenient, and concludes that whether this court or the New York court would be more convenient for the parties and witnesses is a wash.[10]

---

[9]      In *Mission*, the Fifth Circuit also noted that there were indications that forum-shopping was an element in that case because substantive provisions of California and Texas law differed significantly. 706 F.2d at 602, n. 3.  Here, however, the law to be applied in both the declaratory judgment action and the New York litigation is the federal copyright law.

[10]      Several purported witnesses for Defendant declare that it would would be "impossible" or a "hardship" to travel to Louisiana to testify, and likewise, several purported witnesses for Plaintiff attest that it would be "impossible" or a "hardship" to travel to New York to testify.  While the court looks at such declarations/attestations with a jaundiced eye, the court

Further, as this litigation and the New York litigation involve copyright infringement claims and defenses, a substantial amount of documentary discovery will be on paper which can be easily exchanged.  And both Fabulous Pewterware and Aram appear to do business world-wide and can litigate this suit in New York without any undue hardship.

As one court aptly put it:

> There is no outstanding factor in this case which points to trial of this action in either [Louisiana or New York].  Such will inevitably be the case in actions such as this where the owner of a trademark [or copyright] is in one location, and an alleged infringer is at some distance.  Because the two actions are both in federal courts, there are no concerns of comity or federalism which might enter the picture where a declaratory judgment action is pursued in federal court and a coercive remedy is pursued in state court....While we do not mean to fault the parties for their attempts to protect themselves, from society's point of view it is essentially irrelevant which one of them bears the expense and inconvenience of litigating in a distant forum-someone must.

*Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 748-49 (7th Cir. 1987).

**Factor 6:**  The sixth factor, the interest of judicial economy, weighs in favor of transferring this declaratory judgment action to New York.  Fabulous Pewterware has *allegedly* engaged in

---

finds that even if they are true, the video depositions of any unavailable witness can be used at trial in lieu of live testimony.

14

infringing conduct, and Aram's right to a coercive remedy, *if any*, has accrued.   In the absence of Aram's New York copyright infringement suit against Fabulous Pewterware, this court would decide Fabulous Pewterware's declaratory judgment.   But because Aram has filed suit (in New York) to enforce its claim that Fabulous Pewterware has infringed its copyright, the transfer of this declaratory judgment action to the United States District Court for the Southern District of New York would permit all issues to be resolved that forum.

Again, the copyright issues that would be litigated here are the same issues that will be litigated in New York.   To avoid duplicative proceedings, waste of financial resources, and the risk of inconsistent rulings, this Court concludes that judicial economy and efficiency concerns dictate a transfer of this matter to New York.[11]   *West Gulf Marine*, 751 F.2d at 729.

Thus, the court declines to decide Plaintiff's Declaratory Judgment action, but rather than dismiss it, the court transfers it to the United States District Court of New York, where *Mariposa, Inc. and Michael Aram, Inc. v. Beatriz Ball Collection, S.A. de*

---

[11]     Further, while the Declaratory Judgment Act is used to resolve issues in "one, rather than multiple, forums," here Fabulous Pewterware filed two Declaratory Judgment Actions in the Eastern District of Louisiana: the instant case against Aram; and the second case against Mariposa.   On the other hand, the New York litigation filed by Aram and Mariposa against Fabulous Pewterware will potentially resolve all copyright infringement issues in one forum.

15

*C.V. and Fabulous Pewterware, L.L.C.*, No. 05-5672, is pending. By ordering this transfer,

> "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."

*Sherwin-Williams Co.* 343 F.3d at 389, *quoting* Wilton v. Seven Falls Co., 515 U.S. 277, 289, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995).

### III.   Conclusion

For reasons set forth above,

**IT IS ORDERED** that the **"Amended Motion to Transfer Venue"** filed by Defendant, Michael Aram, Inc., be and is hereby **GRANTED**, transferring this matter to the United States District Court for the Southern District of New York, where *Mariposa, Inc. and Michael Aram, Inc. v. Beatriz Ball Collection, S.A. de C.V. and Fabulous Pewterware, L.L.C.*, No. 05-5672, is pending.

New Orleans, Louisiana, this ⟶6⟵ day of ⟶July⟵ , 2005.

A.J. MCNAMARA
UNITED STATES DISTRICT JUDGE

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** | : | **CASE NO.: 05-1665** |
| **d/b/a BEATRIZ BALL COLLECTION** | | |
| | : | **SECT.: C (3)** |
| **v.** | : | **JUDGE BERRIGAN** |
| **MARIPOSA, LTD.** | : | |

## NOTICE OF HEARING

TO:   Fabulous Pewterware, LLC d/b/a Beatriz Ball Collection
      Through its counsel of record
      Thomas S. Keaty
      2140 World Trade Center
      2 Canal St.
      New Orleans, LA 70130

PLEASE TAKE NOTICE  that defendant, Mariposa, Ltd., will bring for hearing its

Motion to Dismiss before Judge Berrigan, United States Judge, 500 Poydras St., New Orleans,

Louisiana 70130 on the 17th day of August at 9:30 a.m.

Date:  July 13, 2005

Respectfully submitted,

LEEFE, GIBBS, SULLIVAN, DUPRE &
ALDOUS

_____

Richard Leefe, Bar no. 07544
George L. Gibbs, Bar No. 6138
3900 N. Causeway Blvd, Suite 1470
Metairie, LA  70002
Attorneys for Mariposa, Ltd.

Dated: July 13, 2005.