FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 23  AM 10: 02

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** d/b/a **BEATRIZ BALL COLLECTION** | : : : | **CASE NO.: 05-1665** |
| **v.** | : : | **SECT.: C (3)** |
| **MARIPOSA, LTD.** | : : : | **JUDGE BERRIGAN** |
| | : | **Magistrate 3** |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES**, through undersigned counsel. Mariposa, Ltd. ("Mariposa" or "Defendant") who moves this court to dismiss the amended complaint filed herein on grounds as are more fully set out in the Memorandum in support of this motion filed herewith and that the matters raised in the amended complaint are subject to the same basis for dismissal as presently pending before this court on motion to dismiss the original complaint, that the allegations of defamation set out in the amended complaint arise out of

-1-

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

pleadings in presently pending litigation addressing the same subject matter as those raised by the plaintiff herein, that the amended complaint is merely an effort by the plaintiff to avoid dismissal as originally moved by the Defendant, and the subject matters are all part and parcel of the litigation between the parties in New York and are appropriately brought and tried there along with the other issues in that court.

WHEREFORE, Mariposa prays that the amended complaint field herein by the plaintiffs be dismissed or alternatively moved to New York to be tried withe pending litigation there as the court is presently considering relative to the original complaint.

Respectfully Submitted:

Leefe Gibbs Sullivan Dupré & Aldous

_____
Richard K. Leefe, Bar No.7544
Suite 1470
3900 No. Causeway Blvd.
Metairie, La. 70002
(504) 830-3939
Fax: 830-3998

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on counsel for all parties to the captioned matter by placing a copy thereof in the United States Mail, postage pre-paid, correctly addressed, on this 23 day of August, 2005.

_____
Richard K. Leefe

-2-

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** <br> **d/b/a BEATRIZ BALL COLLECTION** | : <br> : <br> : | **CASE NO.: 05-1665** |
| **v.** | : <br> : | **SECT.: C (3)** |
| **MARIPOSA, LTD.** | : <br> : | **JUDGE BERRIGAN** |
| | : <br> : | **Magistrate 3** |

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES**, through undersigned counsel. Mariposa, Ltd. ("Mariposa" or "Defendant") who provides this Memorandum in Support of its Motion to Dismiss.

### INTRODUCTION

Mariposa has already filed a Motion to Dismiss the Declaratory Judgment Action, and herein incorporates the first Motion into the present one. The arguments for dismissal or alternatively for transfer of the original matter are basically the same and will not be restated.

Plaintiff's allegation of defamation as now set out in the amended complaint, in apparent response to the motion filed herein by the Defendant, is improper and illogical. There is no actionable claim for defamation under Louisiana law in this case. Moreover, the prime case, already in New York, is the proper venue in which to bring a defamation

claim. Therefore, Plaintiff's Amended Complaint should be dismissed. *See* Fed. Rules Civ. Pro., at Rule 12(b)(6).

## FACTUAL BACKGROUND

Mariposa herein incorporates the factual background from its first Motion to Dismiss. Since that time, the plaintiff filed the subject amended complaint in an apparent effort to raise an issue and avoid dismissal and/or transfer. That issue, although contrived, is not timely and arises out of the New York litigation of the same matters.

## ARGUMENT

Plaintiff's amended declaratory judgment action fails to state a claim upon which relief may be granted because no actionable defamation claim exists.

Any defamation allegation can only be brought in the Southern District of New York, where the prime action, *Mariposa and Aram v. Beatriz Ball Collection* is pending, and to where Judge McNamara has already transferred Plaintiff's first improper declaratory action, *Pewterware v. Aram,* USDC, Case No.: 05-0412, a copy of his order and reasons being attached as Exhibit A to the similar motion filed relative to the original complaint. Moreover, there is no basis whatsoever for alleging defamation in this matter. The allegations in the amended complaint refer only to statements made by the Defendant in pleadings in the suit presently pending in federal court in New York as noted by Mariposa in its original memorandum in support fo dismissal.

It is apparent that Plaintiff's added defamation action is an artificial claim, manufactured in the hope of sidestepping the law regarding the primacy of infringement actions over declaratory judgment actions.

A defamation action in this matter would have to await the prime action's final determination as to whether any copyrights had been infringed. *See, Young v. City of New Orleans*, 751 F2d 794, 800-1 (5th Cir. 1985) where the court held

> In their counterclaims, Perniciaro and Dowdell alleged only that Young had filed complaints with various agencies, and that criminal and administrative investigations were conducted on each occasion. Nowhere is it alleged that any of these actions had been terminated nor that any had been terminated in favor of the defendants. Failing this, the counterclaims were not properly before the district court. It is clear that a cause of action for malicious *801 prosecution or for defamation arising from allegations in a complaint does not arise until the termination of the particular proceeding which is the basis of the action. *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir.1967); *Marionneaux v. King*, 331 So.2d 180 (La.App.1976). At 800-1.

*See also, Williams v. Hartford Insurance Co.* 515 F Supp 1208, 1211 (M.D. La . 1981) ("the concept of unhampered expression in the course of litigation requires the party claiming such damage to await determination of the original proceeding."); *Marionneaux v. King*, 331So.2d 180 (La.App. 1976). And yet, Mariposa's infringement action against Pewterware has just begun in New York. Pewterware's claim for defamation in untimely and unfounded since it is based purely on declarations in Mariposa's pending New York action.[1]

---

[1] Also, for policy reasons, allowing Pewterware to pursue defamation would increase the premature filing of declaratory judgment actions before an "actual case or controversy" had developed, as entities would pursue this pre-emptive strike route for the advantages presented by filing a defamation counterclaim.

-3-

Moreover, the specific allegedly defamatory statements Plaintiff points to are either absolutely privileged and not useable, or not defamatory. Under Louisiana law, which would also be applicable to the New York action, Pewterware cannot state a claim for defamation based upon Mariposa's allegations of infringement.

Pewterware has alleged defamation based on claims of copyright infringement made in declarations filed in the still pending case, *Fabulous Pewterware v. Michael Aram, Inc.* ( See ¶¶ 15 through 17 of the Complaint). These declarations are absolutely privileged as made by witnesses under oath in a judicial proceeding. This cannot support defamation. *American Lifecare v. Wood*, 826 So.2d 646 (La. App. 4 Cir. 2002).

Communications made in judicial proceedings carry an absolute privilege so that witnesses, bound by their oaths, may speak freely without fear of civil suits in defamation for damages, as long as their testimony is pertinent and material to the issues. *Id*; *Connolly v. Stone*, 807 So. 2d 979 (La. App. 5 Cir. 2002). Therefore, the statements referred to in Paragraphs 15 through 17 of the complaint, are absolutely privileged and are not actionable.

The only other two statements alleged as defamation are:

> "Plaintiff copies Defendant's products,"
>
> "Mariposa believed Fabulous Pewterware was copying their [Mariposa's] products and that Mariposa was allegedly suing Plaintiff for that reason."

As a matter of law, neither can be defamatory. First, these are essentially the same statements made in the lawsuit, and hence, privileged.

Second, "[A] statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation." (citation omitted) *State of Louisiana v. Caubarreux Used Cars*, 520 So. 2d 1180, 1182 (La. App. 1988).

Thus, even the bare statement that a person has done something "unlawful" (such as infringement) is not susceptible of a defamatory meaning. *Caubarreux*, 520 So. 2d at 1184. And, these alleged statements above do not even arise to this low threshold.

Allowing the above statements to constitute defamation would be contrary to not only the law, but common sense as well. After all, the bare assertion that one has copied from another even leaves open the possibility this was done with permission or was acquiesced to. *See also, Warren Pub., Inc. v. Microdos Data Corp.*, 115 F.3d 1509, 1517 (C.A. 11th Cir. 1997) (even verbatim copying is not infringement when it is of non copyrightable compilation).

It should be obvious from the history of this matter, the pending suit in New York, the transfer of the plaintiffs similar suit again Aram to New York by Judge McNamara, by and the nature of the allegations that this is just a vain attempt to avoid trying this matter as to al issues in New York as the law requires and as common sense dictates. This si just a contrived subterfuge to avoid dismissal or transfer to New York where the case is already pending.

Furthermore, the part of the statements expressing Mariposa's "belief " is not actionable for two reasons: (1) because it is a true statement of Mariposa's belief, not even alleged false, *Moore v. Cabaniss*, 699 So2d. 1143, 1146 (La. 2d Cir. 1997) (truth is an absolute defense to defamation), and (2) because it is pure opinion, which cannot support defamation. *See Id., citing to Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). The part of the statement that says Mariposa was "suing" Plaintiff for that reason is also absolutely protected as being undisputably true.

Therefore, no claim for defamation exists in this matter, and Plaintiff's Amended Declaratory Action does not state any claim upon which relief can be granted. (*See also* Mariposa's Motion to Dismiss the Declaratory Judgment Action).

## CONCLUSION

Therefore, for the foregoing reasons, Plaintiff does not state a claim and it is submitted that the case should be dismissed or transferred to New York.

Respectfully Submitted:

Leefe Gibbs Sullivan Dupré & Aldous

Richard K. Leefe, Bar No.7544
Suite 1470
3900 No. Causeway Blvd.
Metairie, La. 70002
(504) 830-3939
Fax: 830-3998

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleading has been served on counsel for all parties to the captioned matter by placing a copy thereof in the United States Mail, postage pre-paid, correctly addressed, on this 23 day of August, 2005.

                                                    Richard K. Leefe

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** <br> **d/b/a BEATRIZ BALL COLLECTION** | : <br> : <br> : | **CASE NO.: 05-1665** |
| **v.** | : <br> : | **SECT.: C (3)** |
| **MARIPOSA, LTD.** | : <br> : <br> : | **JUDGE BERRIGAN** <br> Magistrate 3 |

## ORDER

Considering the Motion to Dismiss filed herein by the defendant Mariposa, Ltd., and finding the law, argument and evidence in favor or the defendant, it is

ORDERED, ADJUDGED AMD DECREED, that the motion to dismiss filed herein by the defendant Mariposa be and is hereby granted and the captioned matter is dismissed without prejudice.

New Orleans, Louisiana this ___ day fo _____, 2005.

_____

United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** | : | **CASE NO.: 05-1665** |
| **d/b/a BEATRIZ BALL COLLECTION** | : | |
| **v.** | : | **SECT.: C (3)** |
| **MARIPOSA, LTD.** | : | **JUDGE BERRIGAN** |
| | : | **Magistrate 3** |
| | : | |

### NOTICE OF HEARING OF DEFENDANT'S MOTION TO DISMISS

To:  Fabulous Pewteware, LLC d/b/a Beatriz Ball Collection
through its counsel fo record
Thomas S. Keaty
2149 World Trade Center
2 Canal Street
New Orleans,. LA 70130

PLEASE TAKE NOTICE that defendant Mariposa, Ltd. will bring for hearing its

Motion to Dismiss the Amended Complaint before Judge Berrigan, United States District

-1-

Judge, 500 Poydras, Street, New Orleans, Louisiana on the 14th day of September, 2005 at 9:30 A.m.

    Date: August 23, 2005

                              Respectfully Submitted:
                              Leefe Gibbs Sullivan Dupré & Aldous

                              Richard K. Leefe, Bar No.7544
                              Suite 1470
                              3900 No. Causeway Blvd.
                              Metairie, La. 70002
                              (504) 830-3939
                              Fax: 830-3998