**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 25  D 3: 54

LORETTA G. WHYTE

| | | |
|---|---|---|
| FABULOUS PEWTERWARE, L.L.C., | * | |
| d/b/a BEATRIZ BALL COLLECTION | * | **CIVIL ACTION No. 05-1665** |
| | * | **SECT. C(3)** |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE BERRIGAN** |
| **MARIPOSA, LTD.** | * | **MAGISTRATE JUDGE 3** |
| | * | |
| **Defendant** | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR LEAVE TO FILE A REPLY**

MAY IT PLEASE THE COURT

As usual, Mariposa, Ltd. comes at the 11th hour and offers this Court re-hashing of its argument about lack of "reasonable apprehension" on the part of Fabulous Pewterware, L.L.C. (Fabulous) required for filing a Declaratory Judgment Complaint against Mariposa.

Mariposa is wrong on both facts and law.

As to the facts, in February of 2005, Mr. Feldman, Mariposa's counsel, had two conversations with Beatriz Ball, owner of Fabulous Pewterware, L.L.C., regarding alleged copyright infringement, during which he stated, verbatim: "I can assure you Mariposa will sue you." An Affidavit of Beatriz Ball attesting to these facts is attached hereto as Exhibit A.

Mariposa is known in the industry as a company that aggressively asserts its rights and files lawsuits against the entities it perceives as violators of these rights. Copies of Complaints of Import Distribution Services, Ltd. d/b/a/ Mariposa (legal name of Mariposa Ltd. until 2001) against Confetti Gifts, Inc. of Texas (Civil action No. 01-10420DPW), against India Handicrafts, Inc. of Minnesota (Civil Action No. 01-11717MEL), against India Handicrafts of Minnesota

1

___ Fee_____
___/Process_____
_X_/Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

(Civil Action No. 03-1264RCL), and against M.S. Interests, Ltd. of Texas (Civil Action No. 03-12142GAO) are attached hereto as a collective Exhibit B. All these actions were filed in the District Court for the District of Massachusetts.

Coupled with the direct threat of Mariposa's counsel, the fact that Mariposa does not hesitate in suing the alleged infringers rises to the level of "reasonable apprehension" required for initiating a Declaratory Judgment action. As the 5th Circuit held in *State of Texas v. West Publishing Co.*, 882 F.2d 171, 175 (5th Cir. 1989), "Declaratory plaintiff does not need to show any express or direct threats by defendant to establish "reasonable apprehension" of litigation. It is sufficient that plaintiff can show a course of conduct which implies an imminent threat of impending legal action."

Here, Mariposa engaged in the course of conduct that cannot but fail to deliver a message of "imminent threat of impending legal action."

Mariposa also relies on its action in New York, which it instituted together with Michael Aram, Inc. AFTER the instant action was filed. Setting aside, for a moment, intentional misjoinder of the New York action, nothing Mariposa says proves that the instant, first-filed action should not be maintained by this Court. If Mariposa's reasoning is followed, then the rights holder, such as Mariposa, can engage in all kinds of aggressive acts, issue oral threats of litigation, contact customers of its competitors with statements of its intent to sue, and, as long as a written threat is not issued - can keep an accused infringer from seeking redress from the court. If such reasoning is followed the federal rules allowing a declaratory judgment will simply be nullified. The accused "infringer" will have to sit and wait the pleasure of the rights holder, who may choose to keep the accused infringer in suspense, meanwhile tacitly eroding the accused infringer's customers' confidence.

As to the applicable law, "a party has a right to seek declaratory judgment where a reasonable apprehension exists that if it continues an activity it will be sued by another party." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994), *citing, Windsurfing International, Inc. v. AMF, Inc.*, 828 F.2d 755, 757 (Fed.Cir.1987); *Great American Ins. v. Houston General Ins.*, 735 F.Supp. 581, 585 (S.D.N.Y.1990) ("[a] declaratory judgment is an opportunity for a party to a ripe legal controversy to have that controversy resolved"). As the court in *800-Flowers* reasoned, "an exercise of a party's right to declaratory relief does not necessarily constitute an anticipatory filing for purposes of an exception to the first filed rule. A party's reasonable apprehension of a legal controversy may be sufficient to satisfy the requirements of a justiciable controversy without rising to the level of a direct threat of imminent litigation. Were this not the case, each time a party sought declaratory judgment in one forum, a defendant filing a second suit in a forum more favorable to defendant could always prevail under the anticipatory filing exception."

Here, Fabulous continues to sell its products, engaging in that "activity" which is complained of in Mariposa's action in New York. The only thing that is different is that Mariposa wants to litigate its copyright infringement claims in New York, together with Aram, and not in Louisiana, in the instant litigation.

Mariposa wants this Court to believe that somehow the New York court is more equipped to handle its claims against Fabulous. However, the instant action provides Mariposa with an equal opportunity to raise its claims in the form of compulsory counterclaims it has raised in New York in its copyright infringement lawsuit against Fabulous. Additionally, judicial economy will not be better served by dismissing the instant action since the New York action is likely to result in two separate cases under the misjoinder rules.

3

For these reasons, Fabulous respectfully requests that Mariposa's Motion to Dismiss be denied and Mariposa's Motion for Leave to File a Reply be denied, as well.

Respectfully submitted,

KEATY Professional Law Corporation
Thomas S. Keaty -  7666, T.A.
2140 World Trade Center
2 Canal Street
New Orleans, Louisiana 70130
(504) 524-2100
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 23 day of August 2005 served a copy of the foregoing pleading on counsel for all parties to this proceeding either by hand, by telefax, or by placing same in the United States Mail properly addressed and first class postage affixed.

Richard K. Leefe, Esquire
One Lakeway Center, Suite 1470
3900 N. Causeway Boulevard
Metairie, Louisiana 70002
504-830-3939 – Office
504-830-3998 - Facsimile





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FABULOUS PEWTERWARE, L.L.C.,** | * |
| **d/b/a BEATRIZ BALL COLLECTION** | *  **CIVIL ACTION No. 05-1665** |
| | * |
| **Plaintiff,** | *  **SECT. C(3)** |
| | * |
| **VERSUS** | * |
| | *  **JUDGE BERRIGAN** |
| **MARIPOSA, LTD.** | *  **MAGISTRATE JUDGE 3** |
| | * |
| **Defendant** | |

### AFFIDAVIT

STATE OF Colorado

COUNTY/PARISH OF Eagle

Before me, the undersigned authority personally came and appeared BEATRIZ BALL, a person of the full age of majority, personally known to me, who having been first duly sworn did depose and say the following:

1. In the beginning of February 2005, I received a cease and desist letter from attorney Steven Feldman, counsel for Michael Aram, Inc. (Aram) of New Jersey. The letter accused Fabulous Pewterware, L.L.C. (Fabulous), of which I am the owner, of copyright infringement of certain metalware plates and bowls.

2. In my efforts to investigate the basis for the claims boldly asserted in the Feldman's letter, I had two conversations with Steven Feldman. During both conversations, Feldman made reference to "other people preparing to sue" Fabulous.

3. When I asked a direct question of who the people preparing to sue Fabulous might be, Feldman stated, and I repeat verbatim: "I can assure you Mariposa will sue you."

4. My understanding was that Mariposa. Ltd. of Massachusetts, who is also in the metalware business, was about to file a lawsuit against Fabulous.

5. I also heard from my sales agent, Kelly Wenzel that one of our customers believed that Fabulous was being sued by both Aram and Mariposa.

6. It is the position of Fabulous that Fabulous does not infringe any alleged copyrights owned by either Aram or Mariposa.

7. Having received "assurance" from Feldman in February of 2005 that Mariposa would sue Fabulous and fully believing that Feldman would file such lawsuit in the very near future, I instructed my attorneys, Messrs. Keaty

Professional Law Corporation to prepare and file a Declaratory Judgment Complaint in the Eastern District of Louisiana in May of 2005 requesting the court to decide whether Mariposa had any basis for threatening Fabulous and accusing Fabulous of copyright infringement.

8. Soon after the above-captioned action was filed, and before Fabulous had the time to serve this lawsuit, Mariposa, Ltd. did indeed file a copyright infringement lawsuit, but not in Massachusetts, as it had done before with other competitors, but this time in the Southern District of New York and joined with Aram against Fabulous.

9. These actions of Mariposa leave no doubt in my mind that Mariposa was fully prepared to file a lawsuit against Fabulous at the time when I had conversations with Feldman in February. Moreover, Mariposa apparently instructed Feldman to file the lawsuit against Fabulous at least as early as February 2005.

Further affiant sayith not.

Beatriz Ball

Sworn to and subscribed before me this 22th day of August 2005.

Notary Public

My Commission expires    12/15 / 2007





UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IMPORT DISTRIBUTION SERVICES, LTD.    )
d/b/a MARIPOSA,                        )
                                      )
       Plaintiff,                     )
                                      )
v.                                    )        Civil Action No.
                                      )
CONFETI GIFTS, INC.                   )
a/k/a CONFETI DISTRIBUTION CO.        )
a/k/a CONFETIGIFTS.COM                )
a/k/a CONFETI, INC.                   )
                                      )
       Defendant.                     )        **01 - 10420DPW**
                                      )

## VERIFIED COMPLAINT AND JURY DEMAND

### Introduction

1.     This is an action for injunctive relief and to recover damages suffered by reason

of Defendant Confeti Gifts, Inc. willfully infringing upon numerous copyrighted works of

Plaintiff Import Distribution Services, Ltd. and engaging in unfair competition and other unfair

and deceptive practices.

### Jurisdiction and Venue

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a)

and 1338(b) and under its supplemental jurisdiction.

3.     Venue is proper in this district under 28 U.S.C. §§1391 and 1400.

### Parties

4.     The Plaintiff, Import Distribution Services, Ltd. d/b/a Mariposa ("Mariposa"), is a

corporation organized under the laws of the Commonwealth of Massachusetts with a principal

place of business at The Barn, 5 Elm Street, Manchester, Massachusetts.  Mariposa holds the

federal registrations for the copyrights in the works that are the subject of this action.

5.      Confeti Gifts, Inc. a/k/a Confeti Distribution Co., a/k/a Confetigifts.com a/k/a

Confeti, Inc. ("Confeti") is a corporation organized under the laws of the State of Texas with a

principal place of business at 701 E. Plano Parkway, Suite 410, Plano, Texas 75074-6757.

Confeti has done business within the Commonwealth of Massachusetts, including without

limitation, promoting, marketing, advertising and offering for sale infringing products that were

copied from Mariposa pieces, and purchasing infringed, copyrighted works from Mariposa in

Massachusetts.

### Facts

6.      Mariposa is and, at all times material hereto, was engaged in the business of

producing uniquely designed decorative table art, including bowls, platters, serving utensils and

drinkware.

7.      The product line at issue in this lawsuit, Brillante, consists of pieces of highly-

polished sand cast aluminum.   Part of the process of sand casting aluminum involves the artist,

an employee for hire of Mariposa, working with a mold specialist in order to ensure the highest

quality reproduction of his or her creative expression. Once the mold is developed, craftspeople

use the mold to reproduce the piece.

8.      Mariposa markets and displays its Brillante line, including pieces at issue in this

action, throughout the United States and abroad.  A true and accurate copy of a Mariposa catalog

displaying some of the Brillante line, including the pieces at issue in this case, is attached hereto

as Exhibit A.  In addition to its publication of catalogs, Mariposa also maintains a website

(www.mariposa-gift.com) on which many pieces of the Brillante line are displayed.  A true and

accurate print out of Mariposa website pages is attached hereto as Exhibit B.

9.     Mariposa permanently stamps all of its Brillante pieces with the word "Mariposa"
and the place of manufacture.

10.     Between 1994 and 2000, the Registrar of Copyrights issued to Mariposa
Certificates of Registration for many of the pieces in the Brillante line ("Mariposa Works"),
including the infringed works described herein. True and accurate copies of each of these
Certificates of Registration for the infringed works, as described herein, are attached hereto as
Exhibit C to Exhibit I.

11.     In January of 2001, Mariposa became aware that Confeti, a direct competitor of
Mariposa, was infringing on the Mariposa Works by copying, manufacturing, producing,
distributing and selling certain sand cast aluminum pieces ("Confeti Works") throughout the
United States.

12.     Mariposa became aware of the fact that Confeti was distributing catalogs
containing Confeti Works that were identical or almost identical to Mariposa Works, and
infringed Mariposa copyrights. A true and accurate copy of Confeti's catalog is attached hereto
as Exhibit J.

13.     Mariposa also became aware that Confeti was marketing and selling Confeti
Works on its website (www.confetigifts.com). A true and accurate copy of Confeti's pages on
Confeti's web site displaying Confeti Works is attached hereto as Exhibit K.

14     Among the Confeti Works were several pieces that were exact knock-offs of
various Mariposa pieces. Exact copies were made of the following Mariposa Works: Large
Dory Server, (U.S. Copyright Registration No. VA 897-743); Mariscada Sea Urchin Salad Bowl,
(U.S. Copyright Registration No. VA 1-025-175); Mariscada Sea Urchin Salad Servers, (U.S.
Copyright Registration No. VA 1-025-173); Salmon Serving Platter, (U.S. Copyright
Registration No. VA 990-314); Bamboo Salad Bowl, (U.S. Copyright Registration No. VA 824-
080); Bamboo Individual Bowl, (U.S. Copyright Registration No. VA 824-079) and Twisted
Salad Servers, (U.S. Copyright Registration No. VA 740-320) (collectively, the "Infringed

3

Works"). True and accurate photographs depicting each of the Infringed Works and Confeti's infringing works are attached hereto on Exhibit L through Exhibit R.

15.     Confeti's infringing knock-offs are marketed and sold as the following Confeti Works: Boat Dish, (Confeti Item No. AL2305); Sea Bowl, (Confeti Item No. AL2384); Shell Servers, (Confeti Item No. AL2383); Fish Shape Platter, (Confeti Item No. AL2307); Bamboo Salad Bowl, (Confeti Item No. AL2193); Bamboo Individual Bowl, (Confeti Item No. AL2293) and Large Twisted Server, (Confeti Item No. AL2299) (collectively, the "Infringing Works").

16.     Confeti offers its Infringing Works for sale at prices lower than Mariposa's wholesale price for the Infringed Works, unfairly cutting into Mariposa's market. The wholesale price for the individual Infringed Works and the price for the Infringing Works as found on Confeti's website and in its catalog are as follows:

| Mariposa Pieces/ Infringed Works | Mariposa Price | Confeti Pieces/ Infringing Works | Confeti Price |
|---|---|---|---|
| Large Dory Server | $82.00 | Boat Dish | $33.00 |
| Mariscada Sea Urchin Salad Bowl | $49.00 | Sea Bowl | $33.00 |
| Mariscada Sea Urchin Salad Servers | $19.00 | Shell Servers | $10.00 |
| Salmon Serving Platter | $42.00 | Fish Shape Platter | $25.00 |
| Bamboo Salad Bowl | $49.00 | Bamboo Salad Bowl | $33.00 |
| Bamboo Individual Bowl | $19.00 | Bamboo Individual Bowl | $18.00 |
| Twisted Salad Servers | $19.00 | Large Twisted Salad Servers | $15.00 |

17.     Any reasonable observation of the Confeti Infringing Works reveals that these works were copied directly and/or largely from the Mariposa Infringed Works.

4

18.     The Confeti Boat Dish is identical or nearly identical to the Mariposa Large Dory Server. (Compare images on Exhibit L). Specifically both items share the same row boat-like appearance with the same number of interior compartments, same number of exterior "boards" or "planks" and the same curves and slopes.

19.     The Confeti Sea Bowl is identical or nearly identical to the Mariposa Mariscada Sea Urchin Salad Bowl. (Compare images on Exhibit M). Both are artistic renditions of a sea urchin on the interior of a decorative bowl. Both contain identical or nearly identical patterns of raised bumps radiating from the center of the bowl.

20.     The Confeti Shell Servers is identical or nearly identical to the Mariposa Mariscada Sea Urchin Salad Servers. (Compare images on Exhibit N). Both are a serving spoon and fork pairing with similar sea urchin replica at the base of each utensil. Both items are of similar size, have the same tapered handles and have similar raised bump patterns on their bases. Finally, both have the same spoon and prong shapes.

21.     The Confeti Fish Shape Platter is identical or nearly identical to the Mariposa Salmon Serving Platter. (Compare images on Exhibit O). Both are the side view of a salmon with identical scale patterns, fins and other anatomical details.

22.     The Confeti Bamboo Bowl is identical or nearly identical to the Mariposa Mariscada Bamboo Salad Bowl. (Compare images on Exhibit P). Both are salad serving bowls of similar size with octagonal edging consisting of a distinctive "bamboo shoots" detail.

23.     The Confeti Bamboo Individual Bowl is identical or nearly identical to the Mariposa Bamboo Individual Bowl. (Compare images on Exhibit Q). Both are individual soup-size bowls with octagonal edging consisting of a distinctive "bamboo shoot" detail.

5

24.     The Confeti Large Twisted Servers are identical or nearly identical to the Mariposa Twisted Salad Servers. (Compare images on Exhibit R). Both are a serving spoon and fork pairing with and identical diagonal ridge pattern along the stem. Both also have identical spoon and prong shapes.

25.     Confeti has had ample opportunity to view, handle and copy Mariposa Works, including the Infringed Works. In addition to its publication of catalogs and participation in trade shows, as mentioned above, Mariposa also maintains a website on which many Mariposa Works are displayed, which is fully accessible to the public.

26.     Additionally, in 1998 and 1999, Mariposa sold pieces of its Brillante line, including the Infringed Works directly to Confeti, Inc.

27.     Confeti has engaged in the manufacture, production, distribution and sale of the Infringing Works without the permission or authorization of Mariposa. Due to the conduct of Confeti, Mariposa has suffered significant harm and injury, including injury to Mariposa's copyright, reputation, good will and profits. Specifically, Confeti's sale of Infringing Works of inferior quality goods at lower prices undermines both Mariposa's sales and reputation of quality with retailers and consumers. Moreover, Mariposa will continue to suffer injury unless Confeti is immediately enjoined from its manufacturing, marketing and selling of the Infringing Works.

### Count I
### (Copyright Infringement)

28.     Mariposa realleges and incorporates herein by reference paragraphs 1 through 27.

29.     As the owner of the copyright in the Mariposa Works, Mariposa has superior rights over Confeti, to the Mariposa Works.

30.     Confeti and its affiliates and subsidiaries, knew, or should have known, of the

6

superior rights of Mariposa.

31.     Confeti and its affiliates and subsidiaries, have willfully infringed on Mariposa's federal and common laws rights in its copyright on more than one occasion.

32.     Confeti's and its affiliates and subsidiaries willful manufacture, production, distribution, offering for sale and sale of the Infringing Works is, and was, without the permission or authority of Mariposa.

33.     By their actions, Confeti has willfully infringed, and continue to infringe, on Mariposa's copyrights in and relating to the Infringed Works by manufacturing, producing, distributing, offering for sale, selling and placing upon the market products which are direct copies of, or largely copied from, Mariposa's copyrighted Mariposa Works.

34.     The acts of Confeti, and its affiliates and subsidiaries, were done willfully and intentionally for the purposes of infringing upon Mariposa's copyrights in the Infringed Works and with the intent to sell illegal and unauthorized copies of the Infringed Works.

35.     As a result, Mariposa has suffered and will continue to suffer irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation, loss of sales and profits and economic damage.

### Count II
### (Unfair Competition)

36.     Mariposa realleges and incorporates herein by reference the paragraphs 1 through 35.

37.     Confeti, and its affiliates and subsidiaries, knew, or should have known, of the superior rights of Mariposa to the Mariposa Works.

38.     Confeti, and its affiliates and subsidiaries knew, or should have known, that their

7

manufacture, production, distribution, offering for sale, sale and placing upon the market

infringing products which are direct copies of, or largely copied from, Mariposa's copyrighted

Mariposa Works would harm Mariposa.

  39. The acts of Confeti, and its affiliates and subsidiaries, constitute unfair

competition against Mariposa on more than one occasion.

  40. As a result of these acts of unfair competition, Mariposa has suffered, and will

continue to suffer, irreparable harm and injury, including but not limited to, loss of competitive

advantage, loss of business reputation and good will, loss of sales and profits and economic, of

the superior rights of Mariposa to the Mariposa Works.

  41. Confeti's unfair actions were knowing and willful.

  WHEREFORE, Mariposa requests that this Court:

  1. Enter Temporary Restraining Order ordering Confeti temporarily restrained from

concealing, destroying or otherwise disposing of:

    (a) any plates, molds, matrices and/or other materials and matter relating to the manufacture and production of the Infringing Works;

    (b) any existing inventory of the Infringing Works;

    (c) any documents relating to the manufacture, production, distribution, and of the Infringing Works;

    (d) any documents related to the promotion, advertising or marketing of the Infringing Works; and

    (e) any website or other materials on the Internet related to the Infringing Works.

  2. Enter a Temporary Restraining Order ordering Confeti to immediately prevent

public access to its website pages displaying or referencing any Infringing Works.

  3. Enter a preliminary injunction ordering that Confeti and its affiliates, subsidiaries,

agents, servants and employees be enjoined from:

    (a)    infringing on Mariposa's copyrights in the Mariposa Works
in any manner;

    (b)    manufacturing, producing, distributing, offering for sale, selling,
marketing or otherwise disposing of any inventory or copies of the
Infringing Works;

    (c)    destroying or otherwise disposing of any plates, molds, matrices and/or
materials or matter relating to the manufacture and production of the
Infringing Works;

    (d)    destroying or otherwise disposing of any existing inventory of the
Infringing Works;

    (e)    destroying or otherwise disposing of any documents and relating to the
manufacture, production, distribution, and of the Confeti Works, including
the Infringing Works;

    (f)    destroying or otherwise disposing of any documents related to the
promotion, advertising or marketing of the Infringing Works;

    (g)    destroying or otherwise altering the material contained on its website; and

    (h)    permitting public access to any Confeti website pages displaying or
offering for sale any of the Infringing Works.

4.    Enter a permanent injunction ordering that Confeti, and its affiliates, subsidiaries,

agents, servants and employees:

    (a)    be enjoined from infringing on Mariposa's copyrights in the Mariposa
Works in any manner;

    (b)    be enjoined from manufacturing, producing, distributing, offering for sale,
selling, marketing or otherwise disposing of any inventory or copies of the
Infringing Works;

    (c)    shall deliver up and destroy all plates, molds, matrices and/or other
matter and materials relating to the manufacture and production of the
Infringing Works;

    (d)    shall deliver up and destroy all existing inventory and copies of the
Infringing Works;

    (e)    shall deliver up and destroy all documents relating to the promotion, distribution, offering for sale and sale of the Infringing Works, including without limitation brochures, marketing materials and other matter of the same making or nature which is in their possession; and

    (f)    shall provide independent third party certification of the destruction of the material above-mentioned in (c), (d) and (e).

5.    Enter an Order for Expedited Discovery.

6.    Order Confeti, and its affiliates and subsidiaries, to account to Mariposa for any and all profits derived by them from the sale of Infringing Works for all damages sustained by Mariposa by reason of said actions of infringement and unfair competition.

7.    Enter Judgment against Confeti and its affiliates and subsidiaries, for copyright infringement and unfair competition and award Mariposa treble the amount of damages, plus interest, costs and attorneys' fees.

8.    Award Mariposa actual and/or statutory damages, attorneys' fees and costs.

9.    Grant such other and further relief as the Court may deem just and proper.

10

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

IMPORT DISTRIBUTION SERVICES, LTD.
d/b/a MARIPOSA

By its attorneys,


*Kathy Krysiak*
Joseph J. Laferrera (BBO# 564572)
Ashish Mahendru (BBO# 647661)
Kathy A. Krysiak (BBO# 643828)
LUCASH, GESMER & UPDEGROVE, LLP
40 Broad Street
Boston, MA  02109
(617) 350-6800

Dated:   March 9, 2001

11

## **VERIFICATION**

Robert H. White, deposes and says, that he is the Treasurer and General Manager of Import Distribution Services, Ltd. d/b/a Mariposa, which has a principal place of business at The Barn, 5 Elm Street, Manchester, Massachusetts; that he has read the foregoing Verified Complaint and is familiar with the contents thereof; and that the facts set forth in the Verified Complaint are true by his own personal knowledge and the business records of Import Distribution Services, Ltd. d/b/a Mariposa.

Signed under the pains and penalties of perjury this 8th day of March 2001.

Robert H. White
Treasurer and General Manager
Import Distribution Services, Ltd.
d/b/a Mariposa

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISS. _____
LOCAL RULE 4.1 _____
WAIVER OF SERV. _____
MCF ISSUED _____
AO 120 OR 121 _____
BY DPTY CLK _____
DATE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IMPORT DISTRIBUTION SERVICES,
INC. d/b/a MARIPOSA

        Plaintiff,

v.

INDIA HANDICRAFTS, INC.

        Defendant.

No. **01 CV 11717 MEL**

**VERIFIED COMPLAINT AND JURY DEMAND**

**Introduction**

1.     This is an action for copyright infringement and unfair competition arising from defendant's production, marketing, distribution and sale of various works which directly infringe the copyrights of plaintiff, with whom defendant competes. Plaintiff seeks injunctive relief and damages.

**The Parties**

2.     Plaintiff Import Distribution Services, Ltd. d/b/a Mariposa ("Mariposa") is a Massachusetts corporation with a principal place of business in Manchester, Massachusetts.

3.     Upon information and belief, defendant India Handicrafts, Inc. ("India Handicrafts") is a Minnesota corporation with a principal place of business in Roseville, Minnesota. India Handicrafts has done business in the Commonwealth of Massachusetts, including without limitation, through the promotion, marketing, solicitation and/or sale in

the Commonwealth of items that infringe Mariposa's copyrights and which are the subject of this action.

## Jurisdiction and Venue

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b) and under its supplemental jurisdiction.

5.     Venue is proper in this district under 28 U.S.C. §§1391 and 1400.

## Factual Background

6.     At all times material hereto, Mariposa has been engaged in the business of producing and selling uniquely designed table art, including ornamental bowls, platters and serving utensils.

## The Mariposa Works

7.     Most of Mariposa's products are original creative works made of highly polished sand cast aluminum. Seven of these pieces are at issue in this action. The seven works ("Mariposa Works") are registered with the United States Copyright Office under the following names and registration numbers:

| Mariposa Work | Copyright Reg. # | Date of Reg. |
|---|---|---|
| Frog Sauce Dish | VA 1-025-185 | May 22, 2000 |
| Leaf Relief Salad Servers | VA 650-531 | May 3, 1994 |
| Garden Salad Tossers | VA 740-321 | October 26, 1995 |
| Individual Butterfly Bowl | VA 766-029 | February 26, 1996 |
| Fish Salad Servers | VA 990-301 | January 28, 1999 |
| Spiral Charger | VA 649-998 | March 14, 1994 |
| Big Elm Leaf | VA 870-772 | July 31, 1997 |

The effective date of registration for each of the Mariposa Works is indicated in the third column of the table above.

8.     Each of the Mariposa Works was created as a work for hire by an artist employed by Mariposa, Michael Updike.  With respect to each of the Mariposa Works, Mariposa has always been the exclusive holder of the copyright.  The company's copyrights in the Mariposa Works have never been licensed, assigned or otherwise transferred to any third party.  Each of the Mariposa Works bear a copyright notice, identifying Mariposa as the holder of the copyright and indicating the year of registration.

9.     With respect to each of the Mariposa Works, the date of first publication precedes the effective date of copyright registration by less than 90 days.

10.     True and accurate copies of the certificates of registration for the Mariposa Works are attached hereto at Tab A.

11.     The designs of the Mariposa Works are widely and publicly available. The Mariposa Works are sold through Mariposa's system of more than 1800 authorized dealers.  In addition, Mariposa promotes its products, including the Mariposa Works, through widely distributed catalogs and its Internet web site.  Mariposa also displays its products at trade shows, and maintains a number of showrooms around the country.

### The Infringing Works

12.     India Handicrafts is a large seller of ornamental items, including polished aluminum table art of the type offered by Mariposa.  India Handicrafts is, in fact, a competitor of Mariposa.

13.     Like Mariposa, India Handicrafts also promotes its products through product catalogs.  These include its catalog for the 2000-2001 model year, entitled "Products Catalog 2000-01", as well as its catalog for the 2001-02 model year, entitled "Products Catalog 2001.02".  True and accurate excerpts from these two catalogs

("Catalogs") are attached hereto at Tabs B and C. The Catalogs, which contain products India Handicrafts for sale, include a number of pieces which are identical to, or substantially similar to, various Mariposa Works. In addition, India Handicrafts sells products not contained in its Catalogs, at least one of which is virtually identical to a Mariposa Work.

14.     India Handicrafts has shipped its catalog to Massachusetts, to solicit sales of its products. Upon information and belief, India Handicrafts' products (including the Infringing Works) have been sold to, or shipped to, Massachusetts.

15.     One item offered by India Handicrafts is a small bowl in the shape of a frog ("Deco Frog Dish"). The bowl is a replica of Mariposa's "Frog Sauce Dish" (VA 1-025-185). The frogs depicted in the two works are of a similar size and identically posed. In addition, various artistic features (such as the line that runs along the back of the frog and the manner in which the frog's eyes and mouth are depicted) are duplicated exactly. Virtually the only difference between the pieces is a roughening of the finer features on the India Handicrafts dish and the dish's absence of a copyright notice. This roughening of the finer features is consistent with the degradation in quality that occurs when a new mold is made from an existing piece, and it indicates that the manufacturer of the India Handicrafts bowl made a mold directly from the Mariposa bowl rather than having an artisan recreate the features of the Mariposa bowl by hand. Tab D herein contains a true and accurate photograph of Mariposa's "Frog Sauce Dish" and a true and accurate photograph of India Handicrafts' "Deco Frog Dish." The Deco Frog Dish does not appear in India Handicrafts' Catalogs.

4

16.     India Handicrafts includes in its Catalogs a set of aluminum salad servers
entitled "Aluminum Spoons," with artistically rendered leaves serving as the bowls of the
two spoons.  This set is virtually identical to Mariposa's "Leaf Relief Salad Servers" (VA
650-531)  Both sets have straight handles, and the leaves in the India Handicrafts set
mirror those in the Mariposa set in terms of both size and shape.  Tab E herein contains a
true and accurate photograph of Mariposa's " Leaf Relief Salad Servers " from its product
catalog, and a true and accurate photograph of India Handicrafts' "Aluminum Spoons"
from its 2001-02 Catalog.

17.     India Handicrafts' Catalogs also include an "Aluminum Garden Tool Set,"
which consists of a pair of polished aluminum salad servers in the shape of a pitchfork
and spade.  This set is virtually identical to Mariposa's "Garden Salad Tossers" (VA 740-
321), which is also a set of salad servers in the shape of a pitchfork and spade.  Tab F
herein contains a true and accurate photograph of Mariposa's "Garden Salad Tossers"
from its product catalog, and a true and accurate photograph of India Handicrafts'
"Aluminum Garden Tool Set" from its 2001-02 Catalog.

18.     Another India Handicrafts item copied from a Mariposa Work is entitled
"Aluminum Bowl Asst. Bee," which is an aluminum bowl with depictions of butterflies,
dragonflies and bees on the interior of the bowl, in relief.  The shape, size and quality of
the insects indicates that they were created directly from molds of Mariposa's "Individual
Butterfly Bowl" (VA 766-029), which is also a bowl with depictions of butterflies,
dragonflies and bees on its interior in relief.  Tab G herein contains a true and accurate
photograph of Mariposa's "Individual Butterfly Bowl" from its product catalog, and a

5

true and accurate photograph of India Handicrafts' "Aluminum Bowl Asst. Bee" from its 2001-02 Catalog.

      19.     India Handicrafts' "Aluminum Fish Spoon Set," also found in its Catalogs, is a set of aluminum salad servers with depictions of fish serving as the spoon bowls. The item is substantially similar to Mariposa's "Fish Salad Servers" (VA 990-301), which is also a set of salad servers using fish at the ends of the handles to serve as spoon bowls. The type, size, pose and depiction and the fish in the Mariposa set is duplicated almost exactly in the India Handicrafts set. Tab H herein contains a true and accurate photograph of Mariposa's "Fish Salad Servers" from its product catalog, and a true and accurate photograph of India Handicrafts' "Aluminum Fish Spoon Set" from its 2001-02 Catalog.

      20.     India Handicrafts offers in its Catalogs a charger (large plate) with a spiral design around the perimeter. It is entitled "Aluminum Charger with Swrill Border." The piece uses the same design as that found in Mariposa's "Spiral Charger" (VA 649-998), which is a also charger ringed by that same spiral pattern. Tab I herein contains a true and accurate photograph of Mariposa's "Spiral Charger" from its product catalog, and a true and accurate photograph of India Handicrafts' "Aluminum Charger with Swrill Border" from its 2001-02 Catalog.

      21.     India Handicrafts' "Leaf Platter," also found in its Catalogs, bears a remarkable likeness to Mariposa's "Big Elm Leaf" (VA 870-772). Both pieces are large aluminum serving platters in the shape of a leaf with the veins of the leaf appearing in relief. Tab J herein contains a true and accurate photograph of Mariposa's "Big Elm

Leaf" from its product catalog, and a true and accurate photograph of India Handicrafts'
"Leaf Platter" from its 2001-02 Catalog.

22.     The seven India Handicrafts items described in Paragraphs 15 through 21
above shall be referred to herein as the "Infringing Works."

23.     India Handicrafts accepts orders to purchase its products, including the
Infringing Works, directly.  One of the ways its solicits such orders is through its 2000-01
and 2001-02 Catalogs.  These Catalogs include instructions for placing orders for India
Handicrafts products directly with the company and having them shipped.  India
Handicrafts also uses trade shows and showrooms to promote and sells its products, and
indeed, India Handicrafts' Atlanta showroom is located in the same building as a
Mariposa showroom  Upon information and belief, India Handicrafts also promotes and
sells its products through third-party retailers.

24.     In addition to its catalogs, India Handicrafts promotes its products through
its own Internet web site.  True and accurate copies of pages from its current web site,
www.ihionline.com ("Current Website"), are at Tab K.  The India Handicrafts Website
permits potential and existing customers to interact with India Handicrafts in a number of
ways.  For example, the India Handicrafts Website permits visitors to fill out a credit
application online, respond to a survey and provide comments, send email to India
Handicrafts principals or its customer service department, purchase a products Catalog
online, or download an order form to order India Handicrafts products.  The India
Handicrafts Website also displays a number of India Handicrafts products on its various
pages.  India Handicrafts also operated another website, www.indiahandicraftsinc.com
("Former Website"), which provided a means for visitors to order India Handicrafts

7

product Catalogs online from the company. True and accurate copies of pages from this second site are at Tab L. Both the Current Website and the Former Website were available to anyone with an Internet connection, including individuals in Massachusetts. The Current Website continues to operate.

25.     The Infringing Works are identical to, or substantial similar to, Mariposa Works. The similarity between the pieces is so great, it could only be the result of copying.

26.     India Handicrafts has engaged in the manufacture, production, distribution and sale of the Infringing Works without the permission or authorization of Mariposa. Due to the conduct of India Handicrafts, Mariposa has suffered significant harm and injury, including injury to Mariposa's copyright, reputation, good will and profits. In addition to profits lost directly through India Handicrafts' sale of the Infringing Works or sales Mariposa lost of the Mariposa Works, India Handicrafts' promotion and sale of Infringing Works of inferior quality undermines both Mariposa's sales and reputation of quality with retailers and consumers. Mariposa will continue to suffer injury unless India Handicrafts is immediately enjoined from its manufacturing, marketing and selling of the Infringing Works.

### Notice of Infringement

27.     Upon learning of India Handicrafts' production of the Deco Frog Dish, Mariposa notified India Handicrafts that it was violating Mariposa's copyright with respect to its Frog Sauce Dish, and potentially other items. That notice took the form of a letter from Mariposa's counsel to India Handicrafts' President dated May 10, 2001. A true and accurate copy of that letter ("May 10 Letter") is attached hereto at Tab M.

8

28.     After receipt of the May 10 Letter, a representative of India Handicrafts indicated that the company would be unable to substantively respond until about June 20, 2001.  No substantive response was received by that date, however.  On June 28, 2001, Mariposa's counsel sent a another letter emphasizing the potential consequences of infringement.  A true and accurate copy of that letter ("June 28 Letter") is attached hereto at Tab N.  India Handicrafts responded to the June 28 Letter by requesting a copy of the certificate of registration for the Frog Sauce Dish from Mariposa.  Counsel for Mariposa sent the copy of the certificate of registration to India Handicrafts on July 9, 2001, again requesting further discussion regarding the infringement issue.  A true and accurate copy of that letter ("July 9 Letter") is attached hereto at Tab O.  India Handicrafts has declined to engage in further communication with Mariposa or its counsel, however.

29.     More than two months after the May 10 Letter putting India Handicrafts on notice that it was infringing Mariposa's copyrights, Mariposa learned that India Handicrafts was involved in infringement of the other Mariposa Works.  It also learned that India Handicrafts is continuing to send catalogs to potential customers, including customers in Massachusetts, offering for such Infringing Works for sale.

### Count I
### Copyright Infringement

30.     Mariposa realleges and incorporates herein by reference Paragraphs 1 through 29 above.

31.     As the owner of the copyright in the Mariposa Works, Mariposa has superior rights over India Handicrafts to the Mariposa Works.

32.     India Handicrafts knew, or should have known, of the superior rights of Mariposa.

9

33.     India Handicrafts has willfully, continuously and repeatedly copied Mariposa's designs in the Mariposa Works by manufacturing, producing, distributing, offering for sale and selling its Infringing Works, and depictions of the Infringing Works in marketing and other materials.

34.     India Handicrafts' willful manufacture, production, distribution, offering for sale and sale of the Infringing Works has at all times been without the permission or authority of Mariposa.

35.     By its actions, India Handicrafts has willfully infringed, and continues to infringe, on Mariposa's copyrights in and relating to the Infringed Works.

36.     The acts of India Handicrafts were done willfully and intentionally for the purposes of infringing upon Mariposa's copyrights in the Infringed Works and with the intent to sell illegal and unauthorized copies of the Infringed Works.

37.     As a result, Mariposa has suffered and will continue to suffer irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation, loss of sales and profits and economic damage.

### Count II
### Unfair Competition

38.     Mariposa realleges and incorporates herein by reference Paragraphs 1 through 37 above.

39.     India Handicrafts knew, or should have known, of the superior rights of Mariposa to the Mariposa Works.

40.     India Handicrafts knew, or should have known, that their manufacture, production, distribution, offering for sale, sale and placing upon the market of infringing products which are direct copies of, or largely copied from, Mariposa's copyrighted

10

Mariposa Works would harm Mariposa.  These repeated and continuous acts by India Handicrafts constitute unfair competition against Mariposa.

41.     As a result of the unfair competition in which India Handicrafts has engaged, Mariposa has suffered, and will continue to suffer, irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation and good will, and loss of profits.

42.     India Handicrafts' unfair actions were knowing and willful.


WHEREFORE, Mariposa requests that this Court:

1.     Enter a Preliminary Injunction Order enjoining India Handicrafts during the pendency of this action from:

(a)     concealing, destroying or otherwise disposing of the Infringing Works, or any plates, molds, matrices or other materials relating to the manufacture and production of the Infringing Works;

(b)     concealing, destroying or otherwise disposing of any documents relating to the manufacture, production, promotion, advertising, marketing, distribution, offering for sale, sale, or transfer of the Infringing Works;

(c)     manufacturing, producing, promoting, advertising, marketing, distributing, offering for sale, selling or transferring the Infringing Works, or photographs or other representations thereof;

(d)     infringing on Mariposa's copyrights in any manner;

2.     Enter a Permanent Injunction Order requiring that India Handicrafts, and anyone acting or purporting to act on its behalf:

(a)     refrain from infringing Mariposa's copyrights in any manner;

(b)     refrain from manufacturing, producing, promoting, advertising, marketing distributing, offering for sale, selling, or transferring the Infringing Works, or photographs or other representations thereof;

11

        (c)     deliver up and destroy all plates, molds, matrices and/or other matter and materials relating to the manufacture and production of the Infringing Works;

        (d)     deliver up and destroy all existing copies of the Infringing Works, and all photographs or other representations thereof;

        (e)     shall provide independent third party certification of the destruction of the material described in subparagraphs (c) and (d) above.

3.     Enter an Order for Expedited Discovery.

4.     Order India Handicrafts to account to Mariposa for any and all profits derived by it from the sale of Infringing Works, and for all damages sustained by Mariposa by reason of said actions of infringement and unfair competition.

5.     Enter Judgment against India Handicrafts for copyright infringement and unfair competition and award Mariposa treble the amount of damages, plus interest, costs and attorneys' fees.

6.     Award Mariposa actual and/or statutory damages, attorneys' fees and costs.

7.     Grant such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

IMPORT DISTRIBUTION SERVICES,
LTD.  d/b/a MARIPOSA


By its attorneys,


_____
Joseph J. Laferrera (BBO #564572)
Susan Sampson (BBO #631129)
Lucash, Gesmer & Updegrove, LLP
40 Broad Street
Boston, Massachusetts  02109
(617) 350-6800

Date: October **45**, 2001


### Verification

Robert H. White, deposes and says, that he is the Treasurer and General Manager of plaintiff Import Distribution Services, Ltd. d/b/a Mariposa, which has a principal place of business at The Barn, 5 Elm Street, Manchester, Massachusetts; that he has read the foregoing Verified Complaint and is familiar with the contents thereof; and that the facts set forth in the Verified Complaint are true by his own personal knowledge and the business records of Import Distribution Services, Ltd. d/b/a Mariposa.

Signed under the pains and penalties of perjury this **4** day of October 2001.


_____
Robert H. White
Treasurer and General Manager
Import Distribution Services, Ltd.
d/b/a Mariposa

13

.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IMPORT DISTRIBUTION SERVICES,
INC. d/b/a MARIPOSA

      Plaintiff,

v.

INDIA HANDICRAFTS, INC.

      Defendant.

**03 cv 11264 RCL**
No.

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

### VERIFIED COMPLAINT AND JURY DEMAND

#### Introduction

1.     This is an action for copyright infringement and unfair competition arising from defendant's production, marketing, distribution and sale of various works which directly infringe the copyrights of plaintiff, with whom defendant competes. Plaintiff seeks injunctive relief and damages.

#### The Parties

2.     Plaintiff Import Distribution Services, Ltd. d/b/a Mariposa ("Mariposa") is a Massachusetts corporation with a principal place of business in Manchester, Massachusetts.

3.     Defendant India Handicrafts, Inc. ("India Handicrafts") is a Minnesota corporation with a principal place of business in Roseville, Minnesota. India Handicrafts has done business in the Commonwealth of Massachusetts, including without limitation, through the sale in the Commonwealth of items that infringe Mariposa's copyrights and which are the subject of this action.

**Jurisdiction and Venue**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331,

1338(a) and 1338(b) and under its supplemental jurisdiction.

5.      Venue is proper in this district under 28 U.S.C. §§1391 and 1400.

**Factual Background**

6.      At all times material hereto, Mariposa has been engaged in the business of

producing and selling uniquely designed table art, including ornamental bowls, platters

and serving utensils.

**The Mariposa Works**

7.      Most of Mariposa's products are original creative works made of highly

polished sand cast aluminum. Five of these pieces are at issue in this action. The five

works ("Mariposa Works") are registered with the United States Copyright Office under

the following names and registration numbers:

| Mariposa Work | Copyright Reg. # | Date of Reg. |
|---|---|---|
| Large Dory Server | VA 897-743 | January 29, 1998 |
| Flutter-By Sectional Server | VA 990-317 | January 28, 1999 |
| Palm Tree Salad Servers | VA 725-404 | March 15, 1999 |
| Palm Tree Sectional Server | VA-1-058-905 | January 12, 2001 |
| Rooster Salad Servers | VA 1-087-041 | July 13, 2001 |

The effective date of registration for each of the Mariposa Works is indicated in the third

column of the table above.

8.      Each of the Mariposa Works was created as a work for hire by an artist

employed by Mariposa, Michael Updike. With respect to each of the Mariposa Works,

Mariposa has always been the exclusive holder of the copyright. The company's

2

copyrights in the Mariposa Works have never been licensed, assigned or otherwise transferred to any third party. Each of the Mariposa Works bears a copyright notice, identifying Mariposa as the holder of the copyright.

9.      With respect to each of the Mariposa Works, the date of first publication precedes the effective date of copyright registration by less than 90 days.

10.     True and accurate copies of the certificates of registration for the Mariposa Works are attached hereto at Tab A.

11.     The designs of the Mariposa Works are widely and publicly available. The Mariposa Works are sold through Mariposa's system of more than 1800 authorized dealers. In addition, Mariposa promotes its products, including the Mariposa Works, through widely distributed catalogs and its Internet web site. Mariposa also displays its products at trade shows, and maintains a number of showrooms around the country.

### The Infringing Works

12.     India Handicrafts is a large seller of ornamental items, including polished aluminum table art of the type offered by Mariposa. India Handicrafts is, in fact, a competitor of Mariposa.

13.     Like Mariposa, India Handicrafts also promotes its products through catalogs. True and accurate excerpts from this catalog for 2003 ("IH Catalog") are attached hereto at Tab B. The IH Catalog, which contains products India Handicrafts offers for sale, includes a number of pieces which are identical to, or substantially similar to, various Mariposa Works ("Infringing Works").

14.     One of the items India Handicraft sells is a serving dish in the shape of a dory, with an oar-shaped spoon ("Tropical Boat with Two Servers"). It is a replica of

Mariposa's "Large Dory Server" (VA 897-743). Both pieces are almost identically sized and shaped dory boats, with similar styling. Tab C herein contains a true and accurate photographs of Mariposa's "Large Dory Server" and India Handicrafts' "Tropical Boat With Two Servers."

15.     Another of the Infringing Works is the India Handicrafts' "4 Section Butterfly Dish (Large)," which consists of a serving dish with the four wing sections forming bowls. The wing sections are each decorated with small circles at the perimeter. The piece is a mirror of Mariposa's "Flutter-By Sectional Server" (VA 990-317) which not only has the same overall look, but also has the same circular decorations on the wings. Tab D herein contains true and accurate photographs of Mariposa's "Flutter-By Sectional Server" and India Handicrafts' "4 Section Aluminum Butterfly Dish (Large)."

16.     India Handicrafts' "Palm Tree Servers" represent another Infringing Work. They are aluminum salad servers in the shape of palm trees, with the trunk of the tree forming the shaft of the utensil. The shaft is curved in a slight "S" shape. The servers bear a remarkable similarity to Mariposa's "Palm Tree Salad Servers" (VA 725-404), which also have similarly sized, shaped and styled palm trees making up a set of salad servers. Even the "S" curve of the tree trunk is the same in both works. Tab E herein contains true and accurate photographs of Mariposa's "Palm Tree Salad Servers" and India Handicrafts' "Palm Tree Servers."

17.     Another Infringing Work includes India Handicrafts' "Palm Tree Section Platter," which is a serving platter divided by a curving palm tree in the middle. It is virtually identical to Mariposa's "Palm Tree Sectional Server" (VA-1-058-905), which is also a serving dish divided by a palm tree in the middle. The tree has been duplicated by

India Handicrafts down to the curve of the tree trunk and the arrangement of the palm fronds. Tab F herein contains true and accurate photographs of Mariposa's "Palm Tree Sectional Server" and India Handicrafts' "Palm Tree Section Platter."

18.     India Handicrafts also sells a set of salad servers with rooster-shaped ornaments at the end of the shafts ("Aluminum Rooster Spoon"). It appears to have been copied directly from Mariposa's "Rooster Salad Servers" (VA 1-087-041), which is almost indistinguishable from India Handicrafts' Infringing Work. Tab G herein contains true and accurate photographs of Mariposa's "Rooster Salad Servers" and India Handicrafts' "Aluminum Rooster Spoon."

19.     The India Handicrafts items described in Paragraphs 14 through 18 above are all "Infringing Works."

20.     India Handicrafts accepts orders to purchase its products, including the Infringing Works, directly. One of the ways its solicits such orders is through its Catalog. These Catalogs include instructions for placing orders for India Handicrafts products directly with the company and having them shipped. India Handicrafts also uses trade shows and showrooms to promote and sells its products, and indeed, India Handicrafts' Atlanta showroom is located in the same building as a Mariposa showroom  Upon information and belief, India Handicrafts also promotes and sells its products through third-party retailers.

21.     India Handicrafts has shipped its catalog to Massachusetts, to market and solicit sales of its products. India Handicrafts has sold its products directly to Massachusetts residents and has shipped such products (including the Infringing Works) to Massachusetts. Attached hereto at Tab H is a true and accurate copy of an India

Handicrafts invoice indicating the sale of the Infringing Works (and other India Handicrafts pieces) to company in Massachusetts, and shipped to the Commonwealth.

22.     In addition to its catalogs, India Handicrafts promotes its products through its own Internet web site. True and accurate copies of pages from India Handicrafts' web site, www.ihionline.com ("Current Website"), are at Tab I. The India Handicrafts Website permits potential and existing customers to interact with India Handicrafts in a number of ways. For example, the India Handicrafts Website permits visitors to fill out a credit application online, respond to a survey and provide comments, send email to India Handicrafts principals or its customer service department, purchase a products Catalog online, or download an order form to order India Handicrafts products. The Website is available to anyone with an Internet connection, including individuals in Massachusetts.

23.     The Infringing Works are identical to, or substantial similar to, Mariposa Works. The similarity between the pieces is so great, it could only be the result of copying.

24.     India Handicrafts has engaged in the manufacture, production, distribution and sale of the Infringing Works without the permission or authorization of Mariposa. Due to the conduct of India Handicrafts, Mariposa has suffered significant harm and injury, including injury to Mariposa's copyright, reputation, good will and profits. In addition to profits lost directly through India Handicrafts' sale of the Infringing Works or sales Mariposa lost of the Mariposa Works, India Handicrafts' promotion and sale of Infringing Works of inferior quality undermines both Mariposa's sales and reputation of quality with retailers and consumers. Mariposa will continue to suffer injury unless India

6

Handicrafts is immediately enjoined from its manufacturing, marketing and selling of the Infringing Works.

### Notice of Infringement

25.    Upon learning of India Handicrafts' production of the Large Dory Server, Mariposa notified India Handicrafts that it was violating Mariposa's copyright with respect to its Tropical Board With Two Servers, and potentially other items.  That notice took the form of a letter from Mariposa's counsel to India Handicrafts' Kapil Jain dated May 1, 2003.  The letter referenced the fact that Mariposa had determined India Handicrafts has infringed its copyright on a previous occasion.  A true and accurate copy of that letter ("May 1 Letter") is attached hereto at Tab J.

26.    After receipt of the May 1 Letter, Mr. Jain indicated on June 5, 2003 that the company would be unable to substantively respond for an additional one to two weeks.  A true and accurate copy of Mr. Jain's letter ("June 5 Letter") is attached hereto at Tab K.  No further response has been received by Mariposa or its counsel from India Handicrafts.

27.    Mariposa has since learned that India Handicrafts has been involved in infringement of other Mariposa Works in addition to the Large Dory Server.  It also learned that India Handicrafts is continuing to service customers, including customers in Massachusetts, by selling and shipping Infringing Works.

### Count I
### Copyright Infringement

28.    Mariposa realleges and incorporates herein by reference Paragraphs 1 through 27 above.

7

29.     As the owner of the copyright in the Mariposa Works, Mariposa has superior rights over India Handicrafts to the Mariposa Works.

30.     India Handicrafts knew, or should have known, of the superior rights of Mariposa.

31.     India Handicrafts has willfully, continuously and repeatedly copied Mariposa's designs in the Mariposa Works by manufacturing, producing, distributing, offering for sale and selling its Infringing Works, and depictions of the Infringing Works in marketing and other materials.

32.     India Handicrafts' willful manufacture, production, distribution, offering for sale and sale of the Infringing Works has at all times been without the permission or authority of Mariposa.

33.     By its actions, India Handicrafts has willfully infringed, and continues to infringe, on Mariposa's copyrights in and relating to the Infringed Works.

34.     The acts of India Handicrafts were done willfully and intentionally for the purposes of infringing upon Mariposa's copyrights in the Infringed Works and with the intent to sell illegal and unauthorized copies of the Infringed Works.

35.     As a result, Mariposa has suffered and will continue to suffer irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation, loss of sales and profits and economic damage.

## Count II
## Unfair Competition

36.     Mariposa realleges and incorporates herein by reference Paragraphs 1 through 35 above.

37.     India Handicrafts knew, or should have known, of the superior rights of Mariposa to the Mariposa Works.

38.     India Handicrafts knew, or should have known, that their manufacture, production, distribution, offering for sale, sale and placing upon the market of infringing products which are direct copies of, or largely copied from, Mariposa's copyrighted Mariposa Works would harm Mariposa.  These repeated and continuous acts by India Handicrafts constitute unfair competition against Mariposa.

39.     As a result of the unfair competition in which India Handicrafts has engaged, Mariposa has suffered, and will continue to suffer, irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation and good will, and loss of profits.

40.     India Handicrafts' unfair actions were knowing and willful.

WHEREFORE, Mariposa requests that this Court:

1.     Enter a Preliminary Injunction Order enjoining India Handicrafts during the pendency of this action from:

> (a)    concealing, destroying or otherwise disposing of the Infringing Works, or any plates, molds, matrices or other materials relating to the manufacture and production of the Infringing Works;

> (b)    concealing, destroying or otherwise disposing of any documents relating to the manufacture, production, promotion, advertising, marketing, distribution, offering for sale, sale, or transfer of the Infringing Works;

    (c)    manufacturing, producing, promoting, advertising, marketing, distributing, offering for sale, selling or transferring the Infringing Works, or photographs or other representations thereof;

    (d)    infringing on Mariposa's copyrights in any manner;

2.    Enter a Permanent Injunction Order requiring that India Handicrafts, and anyone acting or purporting to act on its behalf:

    (a)    refrain from infringing Mariposa's copyrights in any manner;

    (b)    refrain from manufacturing, producing, promoting, advertising, marketing distributing, offering for sale, selling, or transferring the Infringing Works, or photographs or other representations thereof;

    (c)    deliver up and destroy all plates, molds, matrices and/or other matter and materials relating to the manufacture and production of the Infringing Works;

    (d)    deliver up and destroy all existing copies of the Infringing Works, and all photographs or other representations thereof;

    (e)    shall provide independent third party certification of the destruction of the material described in subparagraphs (c) and (d) above.

3.    Enter an Order for Expedited Discovery.

4.    Order India Handicrafts to account to Mariposa for any and all profits derived by it from the sale of Infringing Works, and for all damages sustained by Mariposa by reason of said actions of infringement and unfair competition.

5.    Enter Judgment against India Handicrafts for copyright infringement and unfair competition and award Mariposa treble the amount of damages, plus interest, costs and attorneys' fees.

6.    Award Mariposa actual and/or statutory damages, attorneys' fees and

costs.

7.    Grant such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

IMPORT DISTRIBUTION SERVICES,
LTD. d/b/a MARIPOSA

By its attorneys,

Joseph J. Laferrera (BBO #564572)
Lucash, Gesmer & Updegrove, LLP
40 Broad Street
Boston, Massachusetts  02109
(617) 350-6800

Date: July  2 , 2003

**Verification**

Robert H. White, deposes and says, that he is the Treasurer and General Manager
of plaintiff Import Distribution Services, Ltd. d/b/a Mariposa, which has a principal place
of business at The Barn, 5 Elm Street, Manchester, Massachusetts; that he has read the
foregoing Verified Complaint and is familiar with the contents thereof; and that the facts
set forth in the Verified Complaint are true by his own personal knowledge and the
business records of Import Distribution Services, Ltd. d/b/a Mariposa.

Signed under the pains and penalties of perjury this 25th day of June 2003.

, Treasurer

Robert H. White
Treasurer and General Manager
Import Distribution Services, Ltd.
d/b/a Mariposa

11

RECEIPT # _5/4/5_
AMOUNT $ _150_
SUMMONS ISSUED _Y-1_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M_
DATE _11-3-03_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIPOSA, LTD.

                    Plaintiff,

v.                                          No.

M.S. INTERESTS, LTD. d/b/a
SHERIDAN IMPORTS

                    Defendant.



03 12142 GAO

MAGISTRATE JUDGE _____

## VERIFIED COMPLAINT AND JURY DEMAND

### Introduction

1.     This is an action for copyright infringement and unfair competition arising

from defendant's production, marketing, distribution and sale of a work which directly

infringes the copyright of plaintiff, with whom defendant competes.  Plaintiff seeks

injunctive relief and damages.

### The Parties

2.     Plaintiff Mariposa, Ltd. ("Mariposa") is a Massachusetts corporation with

a principal place of business in Manchester, Massachusetts.

3.     Upon information and belief, defendant M.S. Interests, Ltd. d/b/a Sheridan

Imports ("Sheridan Imports") is a Texas limited partnership with a principal place of

business in Houston, Texas.  Sheridan Imports has done business in the Commonwealth

of Massachusetts, including without limitation, through the promotion, marketing,

solicitation and/or sale in the Commonwealth of an item that infringes Mariposa's

copyright and which is the subject of this action.

### Jurisdiction and Venue

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b) and under its supplemental jurisdiction.

5.  Venue is proper in this district under 28 U.S.C. §§1391 and 1400.

### Factual Background

6.  At all times material hereto, Mariposa has been engaged in the business of producing and selling uniquely designed table art, including ornamental bowls, platters and serving utensils.

### The Mariposa Work

7.  Most of Mariposa's products are original creative works made of highly polished sand cast aluminum. One of these pieces, the Mariscada Lobster Sectional Server ("Mariposa Work") is at issue in this action. The Mariposa Work was registered with the United States Copyright Office on May 22, 2000 as "Mariscada Lobster Sectional Server," Registration No. VA 1-025-176.

8.  The Mariposa Work was created as a work for hire by an artist employed by Mariposa, Michael Updike. Mariposa has always been the exclusive holder of the copyright. The company's copyright in this work has never been licensed, assigned or otherwise transferred to any third party. The Mariposa Work bears a copyright notice, identifying Mariposa as the holder of the copyright.

9.  A true and accurate copy of the certificate of registration for the Mariposa Work is attached hereto at Tab A.

10.  The design of the Mariposa Work is widely and publicly available. The Mariposa Work is sold through Mariposa's system of more than 1800 authorized dealers.

2

In addition, Mariposa promotes its products, including the Mariposa Work, through widely distributed catalogs and its Internet web site. Mariposa also displays its products at trade shows, and maintains a number of showrooms around the country.

### The Infringing Work

11.     Sheridan Imports is a seller of ornamental items, including polished aluminum table art of the type offered by Mariposa. Sheridan Imports is, in fact, a competitor of Mariposa.

12.     Like Mariposa, Sheridan Imports also promotes its products through catalogs. True and accurate copies of excerpts from this catalog for Spring 2003 ("Catalog") are attached hereto at Tab B.

13.     One of the items Sheridan Imports sells is a serving dish in the shape of a lobster ("Lobster Server"). It is a replica of the Mariposa Work. Both pieces are virtually identical sized, shaped, and styled lobster serving platters. Tab C herein contains true and accurate photographs of Mariposa's "Mariscada Lobster Sectional Server" and Sheridan Imports' "Lobster Server."

14.     The Sheridan Imports item described in Paragraph 13 is an "Infringing Work."

15.     Sheridan Imports accepts orders to purchase its products, including the Infringing Work, directly. One of the ways it solicits such orders is through its Catalog. This Catalog includes instructions for placing orders for Sheridan Imports products directly with the company and having them shipped. Sheridan Imports also uses trade shows and showrooms to promote and sell its products, as well as selling its products through third-party retailers. Attached hereto at Tab D is a true and accurate copy of a

3

receipt for the purchase of the Infringing Work from a third-party retailer in located in Gloucester, Massachusetts.

16.     In addition to its catalog, Sheridan Imports promotes its products through its own Internet web site.  True and accurate copies of pages from Sheridan Imports' web site, www.sheridanimports.com, are at Tab E.  The Sheridan Imports' Website permits potential and existing customers to send an email to the company.  The Website is available to anyone with an Internet Connection, including individuals in Massachusetts.

17.     The Infringing Work is identical to, or substantially similar to, the Mariposa Work.  The similarity between the pieces is so great, it could only be the result of copying.

18.     Sheridan Imports has engaged in the manufacture, production, distribution and sale of the Infringing Work without the permission or authorization of Mariposa. Due to the conduct of Sheridan Imports, Mariposa has suffered significant harm and injury, including injury to Mariposa's copyright, reputation, good will and profits.  In addition to profits lost directly through Sheridan Imports' sale of the Infringing Work or sales Mariposa lost of the Mariposa Work,  Sheridan Imports' promotion and sale of an Infringing Work of inferior quality undermines both Mariposa's sales and reputation of quality with retailers and consumers.  Mariposa will continue to suffer injury unless Sheridan Imports is immediately enjoined from its manufacturing, marketing and selling of the Infringing Work.

### Notice of Infringement

19.     Upon learning of Sheridan Imports' production of the Lobster Server, Mariposa notified Sheridan Imports that it was violating Mariposa's copyright with

4

respect to its Mariscada Lobster Sectional Server, and potentially other items.  That notice took the form of a letter from Mariposa's counsel to Sheridan Imports' Marcela Sheridan September 24, 2003.  A true and accurate copy of that letter ("September 24 Letter") is attached hereto at Tab F.

20.     No response has been received by Mariposa or its counsel from Sheridan Imports.

## Count I
## Copyright Infringement

21.     Mariposa realleges and incorporates herein by reference Paragraphs 1 through 20 above.

22.     As the owner of the copyright in the Mariposa Work, Mariposa has superior rights over Sheridan Imports to the Mariposa Work.

23.     Sheridan Imports knew, or should have known, of the superior rights of Mariposa.

24.     Sheridan Imports has willfully, continuously and repeatedly copied Mariposa's design in the Mariposa Work by manufacturing, producing, distributing, offering for sale and selling its Infringing Work.

25.     Sheridan Imports' willful manufacture, production, distribution, offering for sale and sale of the Infringing Work has at all times been without the permission or authority of Mariposa.

26.     By its actions, Sheridan Imports has willfully infringed, and continues to infringe, on Mariposa's copyright in and relating to the Infringed Work.

27.     The acts of Sheridan Imports were done willfully and intentionally for the purposes of infringing upon Mariposa's copyright in the Infringed Work and with the intent to sell illegal and unauthorized copies of the Infringed Work.

28.     As a result, Mariposa has suffered and will continue to suffer irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation, loss of sales and profits and economic damage.

### Count II
### Unfair Competition

29.     Mariposa realleges and incorporates herein by reference Paragraphs 1 through 28 above.

30.     Sheridan Imports knew, or should have known, of the superior rights of Mariposa to the Mariposa Works.

31.     Sheridan Imports knew, or should have known, that its manufacture, production, distribution, offering for sale, sale and placing upon the market of an infringing product which is a direct copy of, or largely copied from, Mariposa's copyrighted Mariposa Work would harm Mariposa.  These repeated and continuous acts by Sheridan Imports constitute unfair competition against Mariposa.

32.     As a result of the unfair competition in which Sheridan Imports has engaged, Mariposa has suffered, and will continue to suffer, irreparable harm and injury, including but not limited to, loss of competitive advantage, loss of business reputation and good will, and loss of profits.

33.     Sheridan Imports' unfair actions were knowing and willful.

WHEREFORE, Mariposa requests that this Court:

1.     Enter a Preliminary Injunction Order enjoining Sheridan Imports during

6

**Certificate of Service**

I hereby certify that on the __5__ day of November 2003 a copy of the foregoing document was sent via overnight mail to Marcela Sheridan at Sheridan Imports, 2411 Spring Street, Houston, TX 77007

Joseph Laferrera