FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 19  AM 9: 10

LORETTA G. WHYTE
           CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FABULOUS PEWTERWARE, LLC** | CIVIL ACTION |
| VERSUS | NO. 05-1665 |
| **MARIPOSA, LTD.** | SECTION C |

### ORDER AND REASONS

Before this Court is the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed by Mariposa, Ltd. ("Mariposa"). Mariposa also argues that, in the alternative, the Plaintiff's Amended Complaint should be transferred to the Southern District of New York. Plaintiff, Fabulous Pewterware, LLC ("Fabulous Pewterware"), opposes this motion. The motion is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Dismiss will be denied, and instead, the Court will transfer the Plaintiff's Amended Complaint to the Southern District of New York.

**I. Background**

Fabulous Pewterware, Mariposa, and Michael Aram, Inc ("Aram") are companies that produce and sell metal-ware.[1] Fabulous Pewterware allegedly displayed copies of Aram and

---

[1] Rec. Doc. 5, Def.'s Mot. to Dismiss at 2, Jul. 13, 2005.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No.____

Mariposa designs at a trade show in New York City in the beginning of 2005.[2] On February 4, 2005, through counsel, Aram wrote to Pewterware demanding it cease selling the alleged copies or it would institute a law suit for copyright infringment.[3] According to Mariposa, Aram delayed filing its complaint while Fabulous Pewterware engaged in settlement discussions over the telephone.[4] During these discussions, Fabulous Pewterware filed a declaratory action against Aram in the Eastern District of Louisiana.[5] On April 22, 2005, Aram filed a motion to transfer venue to the Southern District of New York.[6] In support of this motion, Mariposa employees, who would testify in the matter on behalf of Aram, provided affidavits indicating that it would be a great inconvenience for them to travel to Louisiana to testify and stating that Fabulous

---

[2] *Id.*

[3] Rec. Doc. 13, Letter from Stephen E. Feldman to Beatriz Ball, Ex. 1, Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, Jul. 19, 2005.

[4] Rec. Doc. 5, Def.'s Mem. in Supp. of Mot. to Dismiss at 2, Jul. 13, 2005; Rec. Doc. 38, Order at 3, *Fabulous Pewterware, L.L.C. D/B/A Beatriz Ball Collection v. Michael Aram Inc.*, No. 05 Civ. 412 (E.D.La. Jul. 6, 2005).

[5] Rec. Doc. 38, Order, *Fabulous Pewterware, L.L.C. D/B/A Beatriz Ball Collection v. Michael Aram Inc.*, No. 05 Civ. 412 (E.D.La. Jul. 6, 2005).

[6] *Id*, Rec. Doc. 38.

Pewterware has infringed upon Mariposa's works, in addition to Aram's.[7] On May 4, 2005, apparently in response to these affidavits, Fabulous Pewterware filed the instant Complaint for Declaratory Judgment against Mariposa, arguing that it did not infringe Mariposa's copyrights.

On June 17, 2005, Aram and Mariposa filed an lawsuit against Fabulous Pewterware in the Southern District of New York for copyright infringment.[8] Aram's motion to transfer Fabulous Pewterware's declaratory judgment action was granted on July 6, 2005 by Judge McNamara.

On July 13, 2005, Mariposa filed its Motion to Dismiss Fabulous Pewterware's claim, arguing that the court lacks subject matter jurisdiction to issue a declaratory judgment based on the absence of an actual controversy between the Plaintiff and the Defendant and that the merits of the claim will be resolved in the copyright suit already active in the Southern District of New York.

Fabulous Pewterware filed an Opposition to Defendant's Motion to Dismiss and an Amended Complaint on July 19, 2005. Fabulous Pewterware argues that an actual controversy

---

[7] Rec. Doc. 13, Affs., Exs. 2-4, Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, Jul. 19, 2005.

[8] Rec. Doc. 38, Order at 3, *Fabulous Pewterware, L.L.C. D/B/A Beatriz Ball Collection v. Michael Aram Inc.*, No. 05 Civ. 412 (E.D.La. Jul. 6, 2005).

exists between the Plaintiff and Defendant, that the Southern District of New York had no connection to the parties, and that Mariposa and Aram are improperly joined in the New York law suit, thus, there is no reason to transfer the case to New York. Fabulous Pewterware amended its complaint to include a claim against Mariposa for unfair trade practices and unfair competition based on allegedly defamatory statements that Mariposa allegedly published.

Mariposa filed a Motion to Dismiss Plaintiff's Amended Complaint on August 23, 2005, in which it argued that the claims that Mariposa defamed Fabulous Pewterware are based on statements made by Mariposa in relation to its New York litigation, and thus the Amended Complaint should either be dismissed or, alternatively, transferred to the Southern District of New York. Fabulous Pewterware responded by filing an Opposition to Defendant's Reply on August 25, 2005.

Considering all the circumstances presented here, including the filing of the copyright infringement action by Aram and Mariposa against Fabulous Pewterware in the Southern District of New York, the Court finds that transferring Fabulous Pewterware's Declaratory Judgment Action to the United States District Court for the Southern District of New York is appropriate.

## II. Law and Analysis

In declaratory judgment actions the court has the discretion to decline jurisdiction. *Wilton*

*v. Seven Falls Co.*, 515 U.S. 277 (1995); *Travelers Ins. Col. v. Louisiana Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993).[9] The Fifth Circuit recently restated that the criteria to be considered in determining whether to maintain a declaratory action include: (1) whether there is a pending action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit would serve the purposes of judicial economy. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382 (5th Cir.2001); *Sherwin-Williams Co., v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003).

The Court finds that these considerations weigh in favor of transferring Fabulous Pewterware's Amended Complaint to the Southern District of New York.

### Opportunity for Full Litigation in Another Pending Suit

---

[9] While these two cases involve federal declaratory actions with pending parallel state actions, courts have not found the district court's discretion to be lessened when the pending action is a federal one. *See Ameranda Petroleum Corp. v. Marshall*, 381 F.2d 661, 662-63 (5th Cir. 1967); *Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. 1996).

The claims raised in Fabulous Pewterware's declaratory action may be fully litigated in the pending New York suit. Further, the pending New York suit includes bona fide claims against parties not in the declaratory action, all of whom need to be involved and whose interests may be affected by this Court's decision.[10] It is widely acknowledged that the Court may exercise its discretion to refuse to hear a declaratory action if an alternative remedy is more effective. *See* Wright & Miller, 10A Civil: Federal Practice & Procedure § 2758 (West 2004).

### Forum Shopping and Filing in Anticipation of Lawsuit

The Fifth Circuit generally applies a "first-filed" rule. Under the first filed rule, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985). However, the first-to-file rule is not a rigid or inflexible rule to be mechanically applied. *See Mann Manufacturing Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). The Fifth Circuit recognizes an exception to the rule in cases in which a plaintiff files suit for declaratory relief in anticipation of a lawsuit to be filed by the defendant or where the plaintiff is forum shopping. *See*

---

[10] Although Fabulous Pewterware argues that the Mariposa and Aram have been joined inappropriately in the New York suit, that issue is beyond the scope of this Court's authority, and thus, the Court will not consider such an argument.

*Pacific Employers Insurance Co. v. MV/Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985). There is insufficient evidence in the record that the Plaintiff may have filed this lawsuit in anticipation of a lawsuit to be filed by the Defendant or in an effort to forum shop. However, this Court need not decide this issue.

"Numerous cases" in the Fifth Circuit have held that "actions for infringement take precedence over declaratory judgment actions, even where later-filed, based on the policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights." *Sports Innovations, Inc. v. Specialized Bicycle Components, Inc/*, 2001 WL 406264, *3 (E.D.La.) (E.D.La.,2001). As such, the Court will not mechanically apply the first-filed rule, and will consider all the factors relevant to transferring the case.

### Inequities Resulting from Time or Change in Forums and Convenient Forum

Mariposa asserts that the most convenient forum is New York, while Fabulous Pewterware asserts that the most convenient forum is Louisiana. However, because both Fabulous Pewterware and Mariposa do business world-wide and Fabulous Pewterware must litigate its claims against Aram in New York, the Court finds that both should be able to litigate the suit in New York without undue hardship.

Further, a possible inequity exists in allowing Fabulous Pewterware to determine the

forum in this infringement action, because Mariposa is the party whose rights are allegedly being infringed and thus should have the privilege of deciding where to enforce its rights. On the other hand, if the matter was transferred to New York, there would be no inequity in a change of forum because both the declaratory judgment action and the New York action were recently filed.

### Judicial Economy

The Court finds that the purposes of judicial economy would be best served by transferring the suit to New York. Fabulous Pewterware's claims against Aram have already been transfered to New York. The transfer of this action to New York will permit all issues to be resolved in that forum. To avoid duplicative proceedings, waste of financial resources, and the possibility of inconsistent rulings, this Court concludes that judicial economy dictate a transfer of this matter to New York.

Thus, this Court declines to decide Fabulous Pewterware's Declaratory Judgment action. However, instead of granting the Defendant's Motion to Dismiss, this Court alternatively transfers it to the United States District Court of New York, where *Mariposa, Inc. and Michael Aram, Inc. v. Beatriz Ball Collection, S.A. de C.V. and Fabulous Pewterware, L.L.C.*, No. 05-5672,[11] is pending.

---

[11] Rec. Doc. 22, Def.'s Reply Mem. In Supp. of Its Mot. to Dismiss at 2, Aug. 24, 2005.

## III. Conclusion

For the reasons set forth above,

IT IS ORDERED that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed by Mariposa, treated as a Motion to Transfer Venue to the Southern District of New York, is GRANTED.

New Orleans, Louisiana, this 16th day of December, 2005.

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE